## Case No. 2,191.

### BURR v. GREGORY.

[2 Paine, 426, 1 Fish. Pat. Rep. 12.][1]

Circuit Court, S. D. New York. June Term, 1828.

CIRCUIT COURT—JURISDICTION—PLEADING—AVERMENT OF JURISDICTION.

The fact that the subject-matter of a contract sought to be enforced is a patent-right, does not per se give the courts of the United States jurisdiction; and a bill filed for the specific performance of such a contract, must contain averments to show that the court has jurisdiction.

[Cited in Hartell v. Tilghman, 99 U. S. 551; Montgomery Palace Stock-Car Co. v. Street Stable-Car Line, 43 Fed. 331.]

[See Randolph v. Robinson, Case No. 11,561.]

[In equity. Bill by Richard Burr against Edward N. Gregory for specific performance of a contract relating to a patent. The defendant demurred to the bill, and the demurrer was sustained.]

George Sullivan, for complainant.

F. S. Kinney and S. Sherwood, for defendant.

THOMPSON, Circuit Justice. This is a demurrer to a bill filed for a specific performance of a contract relative to the transfer of an interest in a patent-right.[2] The allegations in the bill are: That one Burnap, having invented a new and useful improvement in the art of making veneers, obtained a patent for the same, and became thereby secured in the exclusive right to the use and enjoyment thereof. That the complainant, in October, 1829, applied to the defendant, and offered to procure for him an advantageous purchase of the right, if he would secure to him three-fifteenths of the right. That Gregory purchased the patent-right, and that an assignment thereof was made to

---

[1] [Reported by Elijah Paine, Jr., Esq. 1 Fish. Pat. Rep. 12, contains only a partial report.]

[2] It is a matter of discretion in the court, whether or not to decree a specific performance; not dependent, however, upon the arbitrary pleasure of the court, but regulated by general rules and principles. Rogers v. Saunders, 16 Me. 92. When a contract in writing is certain, fair in all its parts, is for an adequate consideration, and is capable of being performed, is a matter of course for a court of equity to decree performance. Id. The performance may, in a proper case, be decreed, where the party has lost his remedy at law. Id. But negligence in the performance of contracts is not thereby to be encouraged; and the party seeking performance must show that he has not been in fault, but has taken all proper steps towards performance on his own part, and has been ready to perform. Id. Where the binding efficacy of a contract has been lost at law by lapse of time, a court of equity will grant relief, where time is not of the essence of the contract. Id. A written agreement concerning lands may be enforced in equity, although binding only on the party to be charged. Id. The court will not compel a specific performance, where the remedies are not mutual, and where the party who is not bound, lies by to see whether it will be a gainful or a losing bargain, to abandon it in one event, and in the other to consider lapse of time as nothing, and claim a specific performance. Id. A bill for a specific perform-ance, by a vendor against a purchaser, is not to be dismissed upon the mere ground that the vendor's title was not perfect at the time of filing the bill. Dutch Church v. Mott, 7 Paige, 77. A specific performance may be decreed if it appears, by the master's report, that the vendor is in a situation to give a perfect title, except where the purchaser has been materially injured by the delay. Id. A party having an equitable title by a contract, complete in all its parts, is entitled to a specific performance of course. Buchannon v. Upshaw, 1 How. [42 U. S.] 84. The specific performance of an agreement is not a matter of right, which a party can demand from a court of equity, but is a matter resting merely in the sound discretion of the court. Tobey v. County of Bristol [Case No. 14,065].

The court will not specifically enforce a contract, the terms of which are so doubtful or ambiguous that they cannot be understood. But where the contract has been partially executed, and one of the parties has derived a benefit from it, the court will try to discover its meaning, and will enforce it according to the probable intent of the parties. Casey v. Holmes, 10 Ala. 776. Bills for a specific performance are addressed to the sound discretion of the court, and relief will not be granted where, under all the circumstances of the case, it would be inequitable to enforce a performance; but the parties will be left to their legal remedy. Greater latitude will be allowed the defendant in resisting, than will be accorded to the plaintiff in making out his case. Id. Although in a bill for specific performance, it is necessary to allege a performance or offer to perform, on the part of the plaintiff, it is not necessary to anticipate the defence of the defendant. Id. A court of equity will not entertain a bill to enforce the specific execution of a contract in reference to personal property, unless compensation for a breach of the contract will not give full and complete redress, either from the nature of the contract itself, or from the peculiar character of the subject-matter of the contract. Savery v. Spence, 13 Ala. 561. A parol rescission of a written contract may be set up in equity, in bar of an application for a specific performance. Walker v. Wheatly, 2 Humph. 119. It is a good defence to a bill in equity, praying for a specific performance of an agreement to convey land, that the defendant was led into a mistake, without any gross laches of his own, by an uncertainty and obscurity in the descriptive part of the agreement, so that the agreement applied to a different subject from that which he understood at the time; or that the bargain was hard, unequal or oppressive, and would operate in a manner different from that which was in the contemplation of the parties when it was executed. But in such case, the burden of proof is on the defendant to show such mistake on his part, or some misrepresentation on the part of the plaintiff. Western R. Corp. v. Babcock, 6 Metc. [Mass.] 346. A party may, by parol, waive his right to call for a specific performance of his contract, but such waiver must be clearly and distinctly proved. McCorkle v. Brown, 9 Smedes & M. 167.

him. And the prayer of the bill is for a specific execution of the contract of the defendant, to transfer to the complainant three-fifteenths of the right, and to account for the profits he has made. To this there is a demurrer. The ground upon which the demurrer has been attempted to be sustained is, that the court has not jurisdiction. The bill contains no averment that will give jurisdiction to the court, by reason of the character of the parties. There is no allegation of citizenship of different states, or that either party is an alien; but the jurisdiction is alleged to rest on the subject-matter of the bill, as being a controversy arising under the patent law.

From the allegations in the bill, and which are admitted by the demurrer, no question can arise respecting the patent-right. The complainant avers that Burnap was the inventor, and that his right was secured by a patent, and that that right had been assigned to the defendant; all which are admitted: and the question is reduced down to the single point, whether, because the subject-matter of the contract was a patent-right, it gives the courts of the United States jurisdiction. This, we think, would be too large a construction of the constitution and laws of the United States. If the validity of the patent or the assignment could be drawn in question, it might alter the case; and the amount prayed for, growing out of the profits of a patent-right, cannot vary the case. If the court can entertain jurisdiction in this case, it may on every contract where the consideration is the sale of a patent-right. A bond or note given for such consideration might be sued in this court. Judgment for defendant on the demurrer.