MONTGOMERY PALACE STOCK-CAR CO. v. STREET STABLE-CAR LINE.

*(Circuit Court, N. D. Illinois. April 14, 1890.)*

FEDERAL COURTS—JURISDICTION—PATENTS—OWNERSHIP.
  Where a suit is brought to determine the ownership of patents assigned to defendants, but which plaintiff claims under a contract by the patentee that all patented improvements on former patents granted him, as those in suit are alleged to be, shall belong to the corporation under whom plaintiff claims, and both parties are citizens of the same state, the United States circuit court has no jurisdiction.

In Equity.
*Alfred Moore,* for complainant.
*J. J. McClellan* and *West & Bond,* for defendant.

BLODGETT, J. This case is now before the court on a demurrer, both general and special, to the bill. The essential facts, as stated in the bill, are these: On the 25th of August, 1870, one John W. Street was the owner of patents Nos. 96,362, and 96,500, which had been issued less than a year previously for improvements in stock-cars, and on that day he made an agreement with 18 other persons for the formation of a corporation under the laws of Illinois to be called the "Street Palace Stock-Car Company," to utilize the said patents by the construction and running of cars made in accordance therewith. The agreement related mainly to the amount of capital stock of the company, and the distribution thereof among the parties to the contract and otherwise; but the only clause in the contract material to the purposes of this case is the following:

"It is further understood and agreed that any inventions or improvements, to be applied as an improvement to the above-named cattle-car, heretofore or hereafter originated or developed by any member of said company, the same being patentable, shall be patented in the name and for the benefit of the aforesaid company."

The bill avers the subsequent formation of the said Street Palace Stock-Car Company under the laws of Illinois, and its entry upon busi-

ness; the patents being duly assigned to the company. It is further charged that in October, 1872, said company became financially embarrassed, and such steps were subsequently taken as that all the rights, property, franchises, and patents of the company were assigned to the McNairy & Clafflin Manufacturing Company of Cleveland, Ohio, and, by a series of mesne conveyances, these assets became vested in the complainant, a corporation organized under the laws of Illinois. It is further charged that in February, 1885, patents Nos. 336,372 and 336,-373 were duly issued to the said John W. Street and one S. M. Fischer for improvements in stock-cars; that, after the issue of the two last-named patents, Street and Fischer secured the organization of the defendant corporation under the laws of Illinois, and ever since that time, the defendant company has constructed and used cars made in accordance with said patents Nos. 96,362 and 96,500, owned by complainant, and the two last-named patents, whereby the defendant company has made large profits, for which profits an accounting is prayed by the bill. It will be noticed that both complainant and defendant corporations are organized under the laws of Illinois, and are citizens of said state. This court, therefore, has no jurisdiction, unless such jurisdiction arises from the subject-matter of the controversy stated in the bill.

As to the claim for an accounting for the alleged use of the two patents owned by Street in 1870, those patents both expired,—one in 1886, and the other in 1887; and, under the ruling of the supreme court in *Root* v. *Railway Co.*, 105 U. S. 189, that equity has no jurisdiction in suits for infringement of patents unless a case is shown entitling the complainant to an injunction as part of his remedy, it is manifest that there is no case made for equitable relief as to the alleged infringement of these two old patents, as complainant's remedy in that regard must be wholly in a court of law. The case made by the bill as to the two patents of February, 1885, is that, under the clause I have quoted from the contract of August 25, 1870, between Street and his 18 associates, the complainant, as the owner of the rights, property, franchises, and patents of the Street Palace Stock-Car Company, is entitled to the benefit of these two patents as the inventions of Street. The controvery in regard to these two last-named patents, then, is not a controversy as to the construction, validity, or infringement of these two patents, but is a controversy as to the title or ownership of them, depending, not upon any laws of the United States, but upon general principles of equity growing out of the contracts set out in the bill by virtue of which complainant claims title. In *Wilson* v. *Sandford*, 10 How. 99, this question was considered, and Chief Justice TANEY, speaking for the court, said:

"Now the dispute in this case does not arise under any act of congress, nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common-law and equity principles. The object of the bill is to have this contract set aside, and declared to be for-

feited: and the prayer is 'that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the court,' and for an injunction. But the injunction he asks for is to be the consequence of the decree of the court sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside; and, if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon the rules and principles of equity, and in no degree whatever upon any act of congress concerning patent-rights."

This opinion has been affirmed in *Hartell* v. *Tilghman*, 99 U. S. 547, and in *Albright* v. *Teas*, 106 U. S. 613, 1 Sup. Ct. Rep. 550. See, also, *Burr* v. *Gregory*, 2 Paine, 426. This, then, being, as to the two patents of February, 1885, a controversy wholly between parties who are citizens of the state of Illinois, in regard to the effect of a contract, this court has no jurisdiction to hear and determine it. Taking this view of the question of jurisdiction it would not be proper for this court to express any opinion as to the merits of the case, which have been elaborately discussed in the briefs of the counsel. The demurrer is sustained, and the bill dismissed for want of jurisdiction.