NEW YORK,<br>October, 1814.<br><br>THE PEOPLE<br>v.<br>LYNCH.

———

THE PEOPLE *against* MARK LYNCH, ASPINWALL CORNELL, AND JOHN HAGERMAN.

THE defendants, who were now brought up on *habeas corpus,* were indicted at the general sessions of the peace, in the city of *New-York,* in *August* last, for treason against the state. The indictment and proceedings having been removed into this court, by *certiorari, Colden* moved that the prisoners should be discharged. He read the commitment and indictment,(*a*) and con-

The offence of adhering and giving aid and comfort to the public enemies of the United States is not treason against the people of the state of New-York.<br><br>And an indictment charging the offence to have been committed against the people of the state of New-York, will be quashed.<br><br>Treason may be committed against the state, as by opposing the laws, or forcibly attempting to overturn or usurp the government, &c.<br><br>Treason against the United States is not cognizable in the state courts.

(*a*) The indictment contained three counts:

1. The first count stated, that on the 18th of *June,* 1812, the state of *New-York* was, and ever since has continued to be, and yet is, one of the states composing the confederation of the *United States,* and a party to the constitution established by the *United States;* that by the constitution, the power of declaring war is vested in congress, and that congress declared war against the King of *Great Britain,* and his subjects, on the 18th of *June,* 1812, and that the said war has continued, without intermission, openly and publicly, from the said 18th of *June,* 1812, to the day of making this presentment: by means whereof, and the operation of the said constitution, the *United States* were, on the said 18th of *June,* and ever since have been, and yet are, engaged in war with the said King of *Great Britain,* and his subjects; and the said King of *Great Britain,* and his subjects, on the said 18th of *June,* were, and ever since have been, and yet are, enemies of the people of the state of *New York:* and that the defendants, (stating their names in full, with their proper additions,) " being citizens of the said state of *New-York,* and of the said *United States* of *America,* well knowing the premises, and not having the fear of *God* in their hearts, nor weighing the duty of their allegiance, but being moved, &c. as false traitors against the people of the said state of *New-York,* and contriving, and with all their strength intending the peace and tranquillity of the said state of *New York* to disquiet, molest, and disturb, and the government thereof to change, subvert, and alter, and the people of the said state of *New-York,* of and from their honour, power, independence, freedom, and government, to depose and deprive, and to bring the said state of *New-York,* and the people and faithful citizens thereof, to destruction, and to put and bring the people and faithful citizens of the said state of *New-York* into subjection and servitude to the said king of the said united kingdom of *Great Britain* and *Ireland,* they, the said *Mark Lynch,* &c. on the 16th day of *May,* in the year of our Lord, 1814, in the 38th year of the independence of the said state of *New-York,* and on divers other days and times, as well before as after that day, with force and arms upon the high seas, falsely, wickedly, and traitorously did adhere to, and give, and minister aid and comfort to the subjects of the said king, &c. by then and there furnishing, supplying,

tended that there was no crime charged against this state; that the indictment did not even state any crime cognizable by the laws of the *United States.* But if the facts stated amounted to treason against the *United States,* it would not be a crime against this state. It might, perhaps, be said, that this was a case in which the courts of this state have a concurrent jurisdiction with those of the *United States.* If so, it would follow, either that the *United States* would be ousted of its jurisdiction, or that the party might be twice tried for the same offence; for either the courts of this state have a right to try the defendants, in exclusion of the *United States,* or they must be liable to be twice put in jeopardy for the same offence. It is not denied, that there may be treason against this state, as in case of insurrection or rebellion against the particular laws of this state. The indictment here states, that the subjects of *Great Britain* became enemies of this state, in consequence of the war declared by the *United States,* and being enemies, &c. [He was here stopped by the court, who desired to hear the district attorney.]

*Hawkins,* (acting for the district attorney,) contra. The indictment is founded on the first section of the act relative to treason, (sess. 24. c. 29. 1 *N. R. L.* 145.) which declares, "that if any person do levy war against the people of this state, within this state, or be adherent to the enemies of the people of this state, giving them aid and comfort in this state or elsewhere, and be thereof attainted of open deed, such offences, and no other, shall be adjudged treason against the people of this state."

The first objection which may be made is, that the offence

and delivering fifty barrels of beef, fifty barrels of pork, fifty hams, one hundred pounds weight of butter, and thirty cheeses, to divers subjects of the said king, &c. in and on board a public ship of war belonging to the said king, &c. then and there lying, and being called the *Bulwark:* the said king, &c. and his subjects, then, and yet being at war with, and enemies of the said state of *New-York,* against the duty of the allegiance of the said *Mark Lynch,* &c. and against the form of the statute, &c.

2. The second count charged the offence in furnishing, supplying, and delivering divers quantities of beef, pork, hams, butter, and cheese to divers of the subjects of the said king, &c. the said king and her subjects then and yet being at war, &c.

3. The third count stated, that "an open and public war on the 16th of *May,* 1814, and long before, and ever since, hitherto, by sea and land, was, and yet is carried on, and prosecuted by the king of the united kingdom of *Great Britain,* &c. against the people, &c. of the state of *New-York,* and that the said *Mark Lynch,* &c. being citizens of the said state of *New-York,* well knowing the premises," &c. as in the first count, to the end.

ought first to have been inquired into, by this court, the 6th section of the statute declaring that all offences, declared to be treason, committed upon land out of this state, or on the sea, shall be inquired of, heard, and determined in the supreme court, by good and lawful men of the same county where the said court shall sit, in like manner as if the treason had been committed within the same county. But it was not intended by this section of the act, that this court should make the *first* inquiry as to the fact, but that they should finally inquire and determine, by a jury, and give judgment thereon. It does not prevent a grand jury of the general sessions of the peace from inquiring into the fact, and finding a bill of indictment against the party, which may, then, be removed into this court for trial and judgment. An indictment is only an *accusation.** 

It is sufficient in an indictment, that the charge of high treason be reduced to a reasonable certainty, so that the defendant may be apprized of the nature of it, and be prepared to answer it.† In a case of so enormous a crime, the court will not quash an indictment. Courts do not quash indictments, on formal objections, in case of treason or murder.‡

As to the jurisdiction of the courts of the state to try this offence; there is nothing expressed in the constitution of the United States against it. The second section of the 4th article declares, that persons charged in any state with treason or felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state, be delivered up to be removed to the state having jurisdiction of the crime.

There is no law of congress inhibiting the interference of the state courts. On the contrary, the second section of the act of *April* 30th, 1790, authorises the magistrates of the different states to receive informations of treason.

The judiciary act (section 11.) declares that the circuit courts of the *United States* shall have exclusive cognizance of all crimes or offences cognizable under the authority of the United States, except where the laws of the *United States* shall otherwise direct. The state courts have concurrent power with those of the *United States* in numerous cases which might be stated.§

In the exercise of the concurrent power, the state courts

* 4 *Bl. Com.* 402. 2 *Hale P. C.* 154. 158.

† *Foster's C. L.* 294.

‡ 3 *Com. Dig.* 509. 2 *Hawk. P. C.* 366. 3 *East's Rep.* 162.

§ *Livingston v. Van Ingen*, 9 *Johns. Rep.* 507. 564. 572. 4 *Binney*, 487. 5 *Binney*, 512.

NEW YORK, must act in subordination to the *United States*. In case the
October, 1814. state courts acted against the power of the *United States*, the
THE PEOPLE courts of the *United States* might issue a *prohibition* to them.
v. Until, however, the collision between the courts of the two
LYNCH. governments exists, the state courts may act.

 The individual states are sovereign and independent, except
in matters ceded to the general government of the *United
States*. Under the old confederation, the powers of the states
were the same. Persons were indicted and tried in the courts
of *Pennsylvania*, in 1778 and 1781, for high treason in adhering
* 1 *Dall. Rep.* to the enemies of the state and of the *United States*.*
33. 89. 2 *Dall.*
*Rep.* 66, 87.  The laws of most of the different states, in relation to trea-
son, declare it to consist in taking commissions under the
enemies of the state or *United States*, or aiding or assisting the
† *Laws of Penn.* enemies of the state and of the *United States*,† &c. which shows
vol. 1. p. 435.
*Stat. Conn.* 654. that the courts of those states take cognizance of high treasons
*Stat. Mass.* vol.
3. *Laws of* committed by aiding the public enemies of the *United States*.
*Vermont*, vol.
1. p. 332. *Laws*
*of Delaware,*  *Per Curiam.* The grounds relied upon for the discharge of
38. *Laws of*
*New-Jersey,* the prisoners are, 1st. That the facts charged in the indictment
268. do not amount to the crime of treason against the state of *New-
York;* and, 2dly, That the state courts have no jurisdiction of
treason against the *United States*.

 The indictment, containing several counts which are sub-
stantially alike, after setting out a state of war between the
*United States* and *Great Britain*, declared and carried on under
the authority of the *United States*, alleges, that the prisoners,
being citizens of the state of *New-York*, and of the *United States
of America, as traitors against the people of the state of New-
York*, did adhere to, and give aid and comfort to the enemy, by
supplying them with provisions of various kinds, on board a
public ship of war, upon the high seas. It has been attempted,
on the part of the prosecution, to support this indictment under
the statute of this state, (1 *N. R. L.* 145.) which declares trea-
son against the people of this state to consist in levying war
against the people of this state, within the state, or adhering to
the enemies of the people of this state, giving to them aid and
comfort in this state, or elsewhere. And it has been said, that
this act is nugatory, unless it applies to cases like the present;
but this by no means follows, for there can be no doubt but
such a state of things might exist, as that treason against the peo-

ple of this state might be committed. This might be, by an open and armed opposition to the laws of the state, or a combination and forcible attempt to overturn or usurp the government. And, indeed, the state, in its political capacity, may, under certain special circumstances, pointed out by the constitution of the *United States*, be engaged in war with a foreign enemy. But no such circumstances are stated in this indictment. *Great Britain* cannot be said to be at war with the state of *New-York*, in its aggregate and political capacity, as an independent government, and, therefore, not an enemy of the state, within the sense and meaning of the statute. The people of this state, as citizens of the *United States*, are at war with *Great Britain*, in consequence of the declaration of war by congress. The state, in its political capacity, is not at war. The subjects of *Great Britain* are the enemies of the *United States of America*, and the citizens thereof, as members of the union, and not of the state of *New-York*, as laid in the indictment.

The alteration in our statute, since the adoption of the constitution of the *United States*, plainly shows the sense of the legislature on this subject. By the act, as it stood in the year 1787, (1 *G. Ed. Laws*, 316.) it was made treason to adhere to, or give aid and comfort to the enemies of the people of the state of *New-York*, or *of the United States of America*. But, in the several revisions of the law, since the adoption of the constitution, the latter words have been omitted, as unnecessary and inapplicable to the situation of the state, as a member of the union. Under the old confederation, there was no judicial power organized, and clothed with authority for the trial and punishment of treason against the *United States of America*. It became necessary, therefore, to provide for it under the judicial powers of the several states; no such necessity, however, exists under our present system. According to this view of the subject, it would seem unnecessary to notice the question of jurisdiction; for, admitting the facts charged against the prisoners to amount to treason against the *United States*, they do not constitute the offence of treason against the people of the state of *New-York*, as charged in the indictment. The offence not being charged as treason against the *United States*, the present indictment cannot be supported, even admitting this court to have jurisdiction. We would barely observe, however, that we think the jurisdiction of the state courts does not extend to the offence of treason against the

*United States.* The judicial power of the *United States* extends to all cases arising under the constitution and laws of the *United States.* The declaration of war was by a law of congress; and, in consequence of which, it became criminal in the prisoners to afford aid and comfort to the enemy. And the act establishing the judicial courts of the *United States,* gives to the circuit courts cognizance, exclusive of the courts of the several states, of all crimes and offences cognizable under the authority of the *United States,* except where the laws of the *United States* shall otherwise direct. (1 *Sess.* 1 *Cong.* c. 20. *sec.* 11.) In whatever point of view, therefore, the case is considered, we are satisfied that the present indictment cannot be supported. The prisoners must accordingly be discharged.(*a*)

(*a*) But the court remanded the defendants, until information was given to the judge of the supreme court of the *United States,* so that they might be proceeded against in the circuit court of the *United States,* if it was thought proper.