Spencer, Ch. J.,
delivered the opinion of the court. The plea demurred to can only be supported on the ground, that, by the constitution of the United States, no state court can take cognizance of any suit in behalf of the United States, for penalties or forfeitures. The whole case, then, depends on the provisions of' the constitution of the United States.
By the first section of the third article, it is provided, that •‘the judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may, from time to time, ordain and establish.” The second section of the same article declares, that “ the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers, and consuls; to all cases of admiralty and maritime jurisdiction ; to controversies between two or more states; between a state and citizens of another state ; between citizens of different states ; between citizens of the same Asíate claiming lands under grants of different states ; and between a state, or the citizens thereof, and foreign states, citizens, or subjects.”
The act of Congress under which this suit is brought, was passed at the first session of the 13th Congress, (ch. 38.) After declaring the forfeiture for noncompliance with its provisions, it proceeds to enact, that for the recovery of all fines, penalties, and forfeitures, incurred under it, suits may be prosecuted and maintained, in the name of the United States, before any court of the state having jurisdiction in like cases, where tfie cause of action shall arise or accrue more than fifty miles distant f orn the nearest place by law established for the holding a district court, within the district in which the same shall arise or accrue.
The question which we are called upon to decide involves considerations of great delicacy and magnitude, and on which several very enlightened tribunals have held different opinions. Í cannot doubt, that in some of the enumerated cases, to which *16 the constitution declares the judicial power of the United Stafes shall extend, the courts of the United States, Strictly speaking, have exclusive jurisdiction; and that in others of these enumerated cases, the courts of the several states have a concurrent jurisdiction. I entirely concur in the opinion delivered by Mr. Justice Story, in the case of Martin v. Hunter’s Lessee, (1 Wheat. Rep. 323.) that the language of the constitution is imperative, “ that the judicial power of the United States shall be vested,” “ and that it shall extend,” for the reasons offered by that learned judge ; but this does not necessarily divest the state courts of jurisdiction in all those cases to which their jurisdiction extended, before the adoption of the constitution. The vesting of jurisdiction in newly-constituted courts, without any words of exclusion of the jurisdiction possessed by other courts before, does not, ex vi termini, oust those courts of jurisdiction; unless, indeed, there should be an incompatibility in the exercise of the same powers, by distinct and independent tribunals; in such case a negative might be implied from the very nature of the case.
*It is not eulogy to say, that, perhaps, there never was a human production more profoundly considered, by an assemblage of the most distinguished men, than this great national pact, which has secured to the people of the United States such innumerable blessings. Many members of that illustrious convention were eminent lawyers, conversant with the practice, organization, and proceedings of the courts of the several states; and we are, therefore, authorized to conclude, that in vesting the judicial power of the United States, they would avoid every thing leading to confusion or derangement in the proceedings of the state courts; and, if I am not greatly mistaken, it will appear, that a denial to the state courts of a concurrent jurisdiction with the courts of the United States, in some of the specified cases, and an imposition upon them of jurisdiction in others, would, in the one case, lead to the most absurd and extraordinary results, and, in the other, to a violation of fundamental principles.
There were several great objects in the view of the convention in adjusting the judiciary system. The government was invested with the powers of peace and war; they assumed the national debt, and became liable for future national engagements ; they were charged with the common defence of every portion of the empire ; the power of fulfilling these obligations required the collection of a revenue, in the shape of taxes, duties, imposts, and excises; and to preserve the public peace, and fulfil the public faith, it was all important that the power to do both should be enjoyed and exercised by the government itself. It would have been unwise and unsafe to depend on the judiciary of the several states, over whom the United States had no control, for the exposition or execution of the laws of *17 the United States, It would have been incompatible with the stability or permanency of the government itself.
It was necessary to guard against the probable partialities ana prejudices incident to the state courts, in legal controversies between citizens of different states. Indeed, the declaration of the extent of the judicial power of the United States, in all the specified cases, was justified by the great interests of the nation. It is not, however, necessary that *the courts of the United. States should have exclusive primary jurisdiction in all the enumerated eases. A subsequent part of the third article of the constitution declares, “ that in all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party, the Supreme Court shall have original jurisdiction. In all other cases, before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations, as the Congress shall make.”
The requisitions of the constitution are satisfied, if the judicial power of the United States is ultimately vested in a court constituted by them, without excluding the state courts from a concurrent jurisdiction; and from whose decisions a right of appeal, both as to law and fact, is secured. I cannot but conclude, on this branch of the subject, that inasmuch as there is no express negation of jurisdiction to the state courts, in the specified cases, their jurisdiction is not taken away, except as to such of the cases as they did not before hold cognizance of, and such as, from the nature of the jurisdiction, they could not hold cognizance of, from the incompatibility between the powers granted to the courts of the United States, and a reservation of any portion of the same powers to the state courts.
This conclusion derives support from another part of the constitution. The sixth article provides, “ that this constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding; ” and the constitution further requires, that judicial officers, both of the United States and of the several states, shall be bound, by oath or affirmation, to support the constitution.
If. is evident that the framers of the constitution contemplated, that the state courts might entertain questions involving the consideration and construction of the constitution and laws of the United States, and treaties made under their authority, and yet the judicial power of the United States #extends “ to all cases in I mi or equity arising under the constitution, the laws o f the United States, and treaties made under their authorityIt seems to me, that if we regard the whole *18 instrument, as we are bound to do by every sound rule of construction, it cannot be doubted that the constitution ue\er intended to negate the pre-existing jurisdiction» of the state courts.
Perhaps it was unnecessary to discuss a proposition, which I do not learn has ever been doubted in any of the courts ; but it came within the range of observations called for by the case.
How far Congress can confer power or jurisdiction upon the state courts, and whether those courts, if the act was silent upon the subject of jurisdiction, could take cognizance of actions for penalties and forfeitures incurred under the laws of the United States, remains to be considered. We hare seen, that the judicial power of the United, States is to be rested in one Supreme Court, and in such inferior courts as the Congress may, from time to time, ordain and establish.
On this clause of the constitution, we have the direct opinion of the Supreme Court of the United States in the case already cited, of Martin v. Hunter’s Lessees. (] fi'licut. Rep. 330.) that “ Congress cannot vest any portion of the judicial power of the United States, except in courts ordaimd and established by itself.” Indeed, it appears to me too plain for discussion, that the expression in the constitution, “ and in such inferior courts as the Congress may, from time to time, ordain and establish,” can have no reference to the courts established by the respective state legislatures: the conferring of jurisdiction on such courts, is not to ordain and establish them; and in no sense can the state courts become the inferior courts intended in the constitution. Where, then, it may be asked, is the authority in the constitution to invest the state courts with jurisdiction of causes, which they did not enjoy concurrently before the adoption of the constitution ? On this point, also, we have the opinion of the Supreme Court of the United States. They say, (1 Wheaton, 337.) “ no part of the criminal jurisdiction of the United States can, consistently with the constitution, be delegated to state tribunals. The admiralty and maritime jurisdiction ⅜ of the same exclusive cognizance ; and it can only be in those cases where, previous to the constitution, state tribunals, possessed jurisdiction, independent of national authority, that they can now, constitutionally, exercise a concurrent jurisdiction.”
It cannot be doubted, that a pecuniary penalty for a violation of, or nonconformity to, an act of Congress, is as much a punishment for an offence against the laws, as if a corporal penalty had been inflicted; and, as regards crimes and offences, made so by legislative enactment, the government of the United States stands in the same relation to the state governments, as any foreign government; and it is a fundamental maxim, that the courts of one sovereignty will not take cognizance of, nor enforce the penal code of, another. Thus, *19 in the case of Scoville v. Canfield, (14 Johns. Rep. 339.) we held, that we would not enforce a penal statute of Connecticut, on the broad principle, that the courts of this state will not carry into effect the penal laws of another state. The act of Congress, in this case, undoubtedly reaches the offender, but this court cannot touch him.
The act of Congress establishing the judicial courts of the United States, passed the 24th of September, 1789, I consider as a true exposition of the constitutional provision, with respect to the concurrent jurisdiction of the state courts, and the exclusive jurisdiction of those of the United States. When we call to mind, that it is among the first acts of the first Congress, held under the constitution, and that many of the leading members of the convention were, also, members of that Congress, we cannot but regard it as entitled to the most profound respect, in settling the question of concurrent, and exclusive, jurisdiction.
The 9th section of this act gives the District Courts of the United States cognizance, exclusively of the courts of the several states, of all crimes and offences that shall be cognizable under the authority of the United States, and exclusive original cognizance of all civil causes of admiralty, and maritime jurisdiction, and of all suits for penalties and forfeitures incurred under the laws of the United States, and cognizance, concurrent with the courts of the several states, of all causes where an alien sues for a tort only, in ^violation of the laws of nations, or of a treaty of the United States, and of all suits at common law, where the United States sue, and the matter in dispute amounts to 100 dollars, and jurisdiction, exclusively of the state courts, of all suits against consuls and vice-consuls. The 1.1th section vests the Circuit Court of the United States with original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law, or in equity, where the matter in dispute exceeds 500 dollars, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen where the suit is brought and a citizen of another state; and exclusive cognizance of crimes and offences.
It will be perceived, that this act, throughout, makes the distinction between those cases of a civil nature, and of which the state courts had, or would have had, cognizance, independently of the constitution, and such as originate under the laws of Congress. The jurisdiction of the state courts is in no instance excluded where they had a pre-existing jurisdiction, except in those cases of a national character, such as admiralty and maritime cases, and suits against ambassadors and other public ministers, consuls, and vice-consuls ; but the jurisdiction of the state courts is excluded in cases of crimes and offences cognizable under the authority of the United States; and in *20 cases of suits for penalties and forfeitures incurred under the laws of the United States.
It cannot be supposed that there existed any distrust of the state courts when the act of 1789 was passed. On the contrary, if, as is contended by some distinguished jurists, it is in the power of Congress to vest the cognizance of all the cases enumerated in the constitution, exclusively in courts established by Congress, (a proposition on which I give no opinion,) it will at once be seen, that the act of 1789 left a great mass of jurisdiction in the state courts untouched.
In whatever light, then, this question is considered, I am fully of the opinion, that this court has no jurisdiction of the criminal offences, or penal laws of the United States; and that it is not competent to Congress to confer jurisdiction ; *and that, therefore, the defendant must have judgment on the demurrer.