By the Court :
The authorities and arguments relied upon by the defendants counsel, appear to us conclusive that the declaration ought to aver some legal and valid consideration, for the promise upon which it is sought to charge the defendants. The mere fact of writing their-names upon the note would not subject the defendants. To charge them, it must have been done upon some description of contract with the plaintiff, by which the defendants might gain or the plaintiff might be prejudiced. And that contract, whatever it was, ought to be substantially set out in the declaration. This is not done», and, for that reason, the plaintiff can not recover.
The guaranty of the defendants, as written out, amounts to this, that the guarantors will pay, if the promissor does not. But this is, in its very nature, conditional. There is no pretense, in any of the authorities, that the holder of the paper upon which the guaranty is written, is bound to do nothing. The plaintiff’s counsel do» not proceed upon that ground. If he is bound to do something, what is it? To *sue and obtain judgment, it is asserted, is enough. But we do not think so. To demand payment, and notify the guarantor that it is not made, and that, consequently, he is holden, is the diligence which we think ought to be used. Such demand, with a certain knowledge that notice of failure will be-given to the guarantor, is calculated to have more effect in stimulating to an effort to make payment, than the prospect of a suit and judgment and execution at a future day. It enables the guarantor-to look more effectually to his security, and is, therefore, safest for all concerned. As this demand and notice is neither averred in the declaration nor admitted as a fact in the case, we consider it. also a decisive ground against the plaintiff’s recovery. Judgment, must be for the defendants.†

NoTE by the Editor. — The following principles will be found in Ohio Reports touching the rights and liabilities of those whose names do not appear in the body of notes or other contracts, and who have become connected there *411 with by indorsement or otherwise; who are, in the decisions, usually called “ strangers: ”
1. Where a “stranger” affixes his name in blank to a note, etc., at the time of its execution, he will be held to be an original maker, ix. 139; xi. 102; xii. 158; xiii. 228; xvii. 36; xviii. 336; but the “stranger” is usually entitled to-the privileges of a surety, ix. 141; xvi. 1.
2. The same rule applies to a “ stranger” signing after the note¡ etc., is delivered, if it was the “intention” that he should beso held, xiii. 228 ; xvii. 36; and this “intention” may be proved by parol, ix. 139; xiii. 228.
3. These rules apply to “notes, bonds, and other written instruments,”' “whether negotiable or not,” xii. 228. But see xi. 102, and cases cited.
4. “ I guarantee the fulfillment of the within contract,” written on a note, by a “stranger,” and signed at the time of its execution, binds him as a joint maker, and not as a guarantor, xviii. 336, and cases cited; from which it would seem that the limitations and restrictions indicated by the language of the indorsement, will not control the legal effect of the engagement, as it would be inferred they would do, from the language of the court in ix. 141; xii. 168. See also Judge Hitchcock’s dissenting opinion, and cases cited, xviii. 339.
5. A mere indorsement by a “ stranger,” will, prima facie, be construed to have been made after the delivery of the note, etc., ard to be a guaranty, xii. 158; xiii. 228; xvi. 1; xvii. 36; xviii. 339; but his true character maybe shown by parol, ib.
6. A guarantor,is entitled to demand on principal and notice of non-payment, see the case to which this note is appended; also, vi. 497; xi. 102; 1 *412 .Swan, 280, note “a.” and cases cited, or an excuse of demand and notice. See cases cited in same note.
7. The engagement of a “ stranger,” when it is collateral, must be supported by a consideration other than that which moved between the original parties, xvii. 128, and most of the above cases; but the considei'ation need not be in ■writing, ib.