none can be conferred upon the agents, is a truism. In L ° 7 the sovereignty of the states, is to be found the principle that governs the question presented.
Before and after the adoption of the federal constitution, the states were independent of the legislation of each other. The citizens of Tennessee cannot be affected within this state, by the laws of Missouri. She cannot control our local policy, nor we her’s. Mary Dickson vs. the heirs of John Dickson, (1 Yer. Rep. 110;) Houston vs. Moore, (5th Wheat. 69;) 17 Mass. Rep. 540; 14 John. Rep. 338; 17 John. Rep. 4; 1 H. Black. 123, 135. Could this be, State sovereignty would be at an end. Congress has no power conferred by the constitution, to subject one State sovereignty to the legislation of another, nor has the exercise of such a power been attempted by the act of 1790, ch. 38.
What is here claimed for the judgment of a court of Missouri? That blind submission shall be accorded to it, because it furnishes evidence of debt in the highest grade, and not to be gainsayed by inferior evidence. That Jno. Earthman could not be directly reached in the State of Tennessee, by the attachment law of Missouri, is certain. Can it-be made to reach his property and person here, individually, through the instrumentality of courts of justice? Such an assumption would want an advocate. How is the fact? Earthman was a citizen of Tennessee, Jones of Missouri. The latter filed his declaration in the clerk’s office, charging Earthman with a debt; took out an attachment against his goods and lands, and caused it to be levied upon a few shilling’s worth of property; this the law of Missouri declares of the same validity as personal notice. A general judgment is taken by default, without proof, for near $400. Now the process on the original judgment, could only extend to the jurisdiction of the court where rendered; yet this is far from the force and effect claimed for the judgment. It is brought here, and an action of debt brought upon it in the nature of a scire facias, to have execution of it by the judgment of our courts. Our courts are not *487 permitted to try the issue, whether Earthman owed Jones the money claimed, but they are asked for execution of the Missouri judgment, in the same manner as if the judgment had been rendered in Tennessee, and no execution had been taken out within a year. This was the duty the circuit court supposed was imposed upon it by the constituon of the U. States and act of 1790. If the construction of the circuit court be the true one, the law surely requires amendment, as the most manifest injustice may, and frequently must be done. What does the State of Missouri say to the State of Tennessee? You must execute our laws upon your citizens, of whose persons we never have had jurisdiction, not because our laws bind them, but because the judgments of our courts, rendered in pursuance of our laws, do, and that conclusively.
Missouri might well say to us, execute the judgments rendered in pursuance of our laws, by our courts, upon our own inhabitants, who have been sued and notified, but have withdrawn from our jurisdiction to yours. By inhabitants, we mean every one coming within the territorial limits of the State, to which he owes temporary allegiance while there. In such case, the laws of Missouri would operate upon the person of the defendant, and he be subject to the jurisdiction of her laws, and the process of the courts. If he withdraw beyond the reach of their influence, to our jurisdiction, it would be our duty, by the constitution of the United States and the act of 1790, to give the judgment effect by causing execution thereof. This is the point decided in Mills vs. Duryee; not that a non-resident could be bound by an eco parte judgment, where there was no jurisdiction of his person. So we apprehend Judge Story to have understood the opinion; he says,in Flower vs. Baker, (3 Mason, 251,) “no legislature can compel any persons beyond its own territory, to become parlies to any suits instituted in its domestic tribunals. If they voluntarily make themselves parties, that is a different business; the legislature can bind, no more than their persons and property, within its *488 territorial jurisdiction.” Such was Judge Washington’s opinion, we suppose, also. Wilson vs. Graham, (4 Washington 57.
We must not be understood as reflecting upon the legislature or courts of Missouri; far from it. The attachment laws of that State, are as free from exception as perhaps any in the Union; quite as much so as our own. We follow the decisions of the supreme court of Missouri, in Chamberlain vs. Farris and Tracy, and Overstreet vs. Shannon, (Miss. Rep. 517, 529,) where judgments from sister states, recovered against inhabitants of Missouri. by attachment, without notice or appearance, were declared to furnish no evidence of debt, and that no suit could be sustained upon them. So are the decisions of Massachusetts, in Hall vs. Williams, (6 Pick. 232,) of Connecticut, in Aldrich vs. Kinney, (4 Con. Rep. 380;) in New York, in Borden vs. Fitch, (15 Johns. Rep. 121;) of Pennsylvania, in Benton vs. Burgot, (10 Serg. and Rawl. Rep. 220;) and Kentucky, Rogers vs. Coleman, (Hard. Rep. 413.
What would be the effect of judgments rendered by the courts of sister states, on proceeding by attachment in cases of absconding debtors, where the jurisdiction of the court had attached and was fraudulently evaded, we wish to be understood as not deciding.
That no faith or credit is accorded to the judgment of other governments, where neither the legislature or the courts had jurisdiction of the person of the defendant, is of course the standing rule in England. (3 Wils. 197; 9 East, 192; Starkie on Evidence, 214, sec. 68. In the case in East, Chief Justice Ellenborough well remarked, “Can the Island of Tobago pass a law to bind the whole world? Would the world submit to such an assumed jurisdiction?” The law of the Island of Tobago provided, that the summons should be nailed up at the court house door, if there were no agent to be served with notice; and the defendant in that case was an inhabitant of London. The legislature and courts of Missouri have no more jurisdiction to bind the citizens of Tennessee, not *489 found in Missouri, than the authorities of Tobago had to bind the people of England. No faith or credit is due to the proceeding by Jones against Earthman, nor can any action be sustained upon the record.
We therefore adjudge, that the demurrer to the plea be overruled, and that judgment be rendered for the defendants.