By the Court,
Wood, Judge.
The indictment is drawn upon the-28t,h section of the act of assembly of 1835, providing for the punishment of crimes, 33 O. L. 39, which enacts, “ that if any person shall counterfeit any of the coins of gold, silver, or c'opper, currently passing in this state; or shall utter or put off counterfeit coin or coins, knowing them to be such; or shall make any instrument for counterfeiting any of the coins aforesaid, knowing the purpose for which such instrument was made ; or shall knowingly have in his possession and secretly keep any instrument for the purpose of counterfeiting any of the coin aforesaid, every person so offending shall,” etc. The first-count of this indictment charges, that the defendants did knowingly and willfully have in their possession and secretly keep, on bogus, one press, one pressing machine, one stamping machine, one set of dies, etc., the same then and there being instruments for the purpose of counterfeiting certain coins of silver called Mexican dollars, the said coins then being coins of silver currently passing in the said state of Ohio, contrary to the statute, etc. The third and fourth counts are substantially like the first. We can discover no lack of power in thes legislature to punish this offence,
*133 2. Did the court below err in ordering a jury to be struck forth- ■'* with ? During the term of the court, the defendants, applied for a struck jury, which was ordered, the clerk to attend to striking "the same in the presence of the defendants and their counsel, which was done,, and the panel thus returned, constituted the jury, except two who were excused, and their place supplied, in court, hy talesmen. The act relating to juries, 29 O. L. 99, which we think extends to ■criminal as well as civil cases, provides that whenever a struck jury is ordered by the court, the party applying shall give at least eight •days’ notice to the opposite party, of the time of striking the jury. In this case, only three days were allowed. But if there was any thing erroneous in this, it was in allowing the struck jury at all. The indictment was presented at June term, and the jury was not applied for until the November term, when the cause was for trial. By delaying the application for the jury until November term, when there was not time to give the notice, he waived his right to it, and could not by such application force a continuance of the'case until the succeeding term. But it was the opposite party who was entitled to the notice, which they had a right to waive, and the defendant can not object that •the time was waived.
3. Did the court err in refusing to limit the evidence for the prose■cution to the three first counts in the indictment ? It is difficult to perceive any good reason for so limiting the testimony, and none is •shown us. The two last counts were for distinct offences of the same grade and punishment, and were well joined. But the defendants ■could not object, because they were acquitted on those counts, and were not prejudiced hy the evidence.
4. Is the indictment defective for want of an averment that the defendants knew for what purpose the instruments were adapted, or kept? The draftsman of this indictment has followed the precise language of the statute, which as a general rule is sufficient. There may be exceptions to this general rule, hut if so, the case before us is not one of them. In the first and second counts there is an averment that the defendants knowingly and willfully, had the instruments in possession, and secretly kept them. In the third count, it is averred, that the defendants secretly kept the instruments, knowing the purpose they were intended for. If either count is good, there is enough to sustain the sentence. Admitting that in this class of cases, guilty 'knowledge is the essence of the crime, is it not sufficiently averred? “The adverb implying knowledge, is expressed in one part of the sen *134 tenee, and understood in the other ; but if it were not, its place is supplied by another equally significant, secretly. Secretly, as used in the indictment, * implies the guilty knowledge. This is fully sustained by The King v. Fuller, 1 Bos. and Pul. 186, where it was alleged that the defendant procured another to commit the crime, and held that the procuring imported a scienter of itself. We hold this indictment substantially good, and we must take care, that while we secure the citizen the protection of his legal rights, we do not give-force to objections that would be a reproach to the law, where no injustice appears to have been done.
Judgment affirmed.