## The State vs. Pike.

The courts of this State have no jurisdiction of the crime of perjury, committed in an examination before a commissioner in bankruptcy, appointed under the act of the Congress of the United States, passed August 19, 1841, " to establish a uniform system of bankruptcy throughout the United States."

INDICTMENT for perjury, alleged to have been committed March 19, 1842, at Claremont, in this county, before Hubbard Newton, a commissioner in bankruptcy, duly appointed and commissioned by the District Court of the United States for the district of New-Hampshire, under " an act to establish a uniform system of bankruptcy throughout the United States."

The indictment alleged that the defendant made a petition, addressed and directed to the Judge of the District Court, representing that he was owing debts, &c. with schedules, &c. and praying that he might be declared a bankrupt ; that he was examined on oath before the commissioner, who had competent power to administer such oath ; and assigned the perjury as committed in his examination and answers respecting the truth and accuracy of the schedule containing an inventory of his property.

The defendant filed a general demurrer.

C. *Flanders*, (with whom was *Leland*,) for the defendant. There is another jurisdiction paramount to this. The 4th section of the bankrupt act provides for an examination of the bankrupt, and that if he swears falsely he shall be deemed guilty of perjury. The District Court has exclusive jurisdiction. No jurisdiction is given to the State courts by this act. By the Revised Statutes of this State, the punishment for perjury is different from that prescribed by the laws of the United States. Our statute applies to our own local jurisprudence.

*Walker*, Attorney General, and *Burke*, County Solicitor, for the State.

PARKER, C. J. The act of Congress of August 19, A. D.

1841, for establishing a uniform system of bankruptcy, provides that the bankrupt shall at all times be subject to examination, orally or upon written interrogatories, before the District Court, or any commission appointed by the court therefor, on oath, &c. "and if in any such examination he shall wilfully and corruptly answer, or swear, or affirm, falsely, he shall be deemed guilty of perjury, and shall be punishable therefor, in like manner as the crime of perjury is now punishable by the laws of the United States." § 4.

By a statute of the United States, passed September 24, 1789, it is enacted that the Circuit Courts shall have original jurisdiction concurrent with the courts of the several States, in certain suits of a civil nature, "and shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except when this act otherwise provides, or the laws of the United States shall otherwise direct, and concurrent jurisdiction with the District Courts of the crimes and offences cognizable therein." 1 *U. S. Laws (Story's Ed.)* 57, *ch.* 20, § 11. And by another act of Congress, passed March 3, 1825, it is provided "that if any person, in any case, matter, hearing, or other proceeding, when an oath or affirmation shall be required to be taken or administered under or by any law or laws of the United States, shall, upon the taking of such oath or affirmation, knowingly and willingly swear or affirm falsely, every person, so offending, shall be deemed guilty of perjury, and shall, on conviction thereof, be punished by fine not exceeding two thousand dollars, and by imprisonment and confinement to hard labor, not exceeding five years, according to the aggravation of the offence." 3 *U. S. Laws (Story's Ed.)* 2002, *ch.* 276, § 13. If the defendant has committed the crime of perjury in the manner alleged in this indictment, there seems to be no doubt that he is liable to conviction and punishment under these statutes.

It is clear that we have no jurisdiction of an indictment for perjury under these statutes of the United States. Regarded as an offence against the United States, the courts of the general government have exclusive jurisdiction. 11 *Johns.* 549, *The*

*People* vs. *Lynch;* 17 *Johns.* 22, *United States* vs. *Lathrop,* per *Mr. Justice Platt;* 1 *Wheat.* 337, *Martin* vs. *Hunter's Lessee,* per *Mr. Justice Story; Rice's Rep.* 400, *The State* vs. *McBride;* 2 *Hill.* 169, *Delafield* vs. *Illinois.* And it has been held that the courts of the several States have no jurisdiction of suits founded on the penal laws of the United States; 7 *Conn.* 239, *Ely* vs. *Peck;* 1 *Dana* 442, *Haney* vs. *Sharp;* and that such jurisdiction cannot be conferred upon them by an act of Congress; 7 *Conn.* 244, *Davison* vs. *Champlin;* 17 *Johns.* 4, *United States* vs. *Lathrop, Mr. Justice Platt dissenting.*

This indictment is not attempted to be supported on the statute of the United States.

By the statute of this State, " if any person, being on oath or affirmation, in any legal proceeding, before any court, justice of the peace, referee, arbitrator, auditor, or other person authorized by law to administer such oath or affirmation, shall commit perjury, he shall be punished by solitary imprisonment not exceeding four months, and by confinement to hard labor not less than two years and not more than five years." *N. H. Rev. St.* 441, *ch.* 217, § 1.

The question then presents itself, whether we have jurisdiction to punish corrupt false swearing, committed within the limits of this State, but in a proceeding where an oath is required and taken under the laws of the United States, as perjury under the statute of this State. The act of Congress passed in 1825, before cited, provides for the punishment of various other crimes, and the 26th section enacts, that nothing in that act contained shall be construed to deprive the courts of the individual States of jurisdiction, under the laws of the several States, over offences made punishable by that act. 3 *U. S. Laws (Story's Ed.)* 2007. But this does not seem to affect this case. It is very clear that, without this clause, it is competent for the States to provide for the punishment of perjury committed within their jurisdiction. And it is equally clear that this clause confers upon the courts of the several States no authority to punish perjury which is not committed within the jurisdiction of the States.

The question then is reduced to this : Is corrupt false swear-

ing, committed within the limits of the State, but in proceedings in bankruptcy before a commissioner appointed by the authority of the United States, perjury committed within the jurisdiction of the State?

It has been said that no false swearing can be punished as perjury, except it be committed in some court or proceeding under the laws of the State where it is committed. But this is, perhaps, not clear. If it be so, there is no legal sanction to oaths taken under a special commission from another State, or before a commissioner appointed by the authority of a State other than that in which he resides and executes his office, unless his appointment has been made, or his right to execute such office has been in some way recognized, by the laws of the State where he administers the oath. The government from whose courts a commission issues, or which has appointed a commissioner, resident in another State, with general powers to take depositions there, seems to have no power to punish false swearing, committed in giving testimony before its commissioner, beyond its own limits, because, although committed in a proceeding authorized by its laws, it was not within its limits or jurisdiction. The offender could not be claimed as a fugitive from its justice.

If, however, jurisdiction existed on the part of the State where the facts occurred, to punish corrupt false swearing committed under such circumstances, as an offence against its own laws, because, notwithstanding the testimony was taken to be used elsewhere, the false oath was in fact taken within its own limits, in a legal proceeding which it permitted, although it did not appoint the officer, that will not settle this case. Here is another government, whose laws are operative to a certain extent over the territory of the State, and having tribunals here competent to punish any offences committed against its laws, or in the course of its legal proceedings. The commissioners in bankruptcy not only derived no authority from this State, but they cannot be regarded as having exercised their offices by any permission, tacit or otherwise, from it. They derive their authority from a paramount law, and this State could not object to the exercise by them of the duties of their office within its limits, if it had the

State *v.* Pike.

disposition so to do. The offence, if committed as alleged, is clearly a crime under the laws of the United States. The laws of this State provide for the punishment of an offence of a similar character and designation, but the punishment is not precisely the same.

We are not prepared to say that there may not be cases where the facts which constitute an offence against the laws of the United States may not also be held to include or show an offence against the laws of a State. Stealing money from the mail is an offence punishable under an act of Congress. The facts which constitute the offence, if committed within the limits of this State, would also comprise what was an offence under the State law before the organization of the general government, and is so still, unless the fact that the taking was from the mail excludes the case from the cognizance of the State tribunal. If the party were indicted for simple larceny under the laws of the State, would it be a valid defence that, the theft being from the mail, the defendant was liable only under the laws of the United States? If the State had jurisdiction, and convicted of the lesser offence, would that oust the jurisdiction of the courts of the United States over the greater? or would the party be liable to be twice punished?

There is another class of cases, where the same state of facts may constitute an offence of the same character under the laws of the United States and under those of the State, unless the fact that the courts of the United States have jurisdiction under the laws of the United States will render that jurisdiction paramount and exclusive; so at least as to suspend the operation of the State law thus far. Thus a law of this State punishes the offence of counterfeiting coin current here, by solitary imprisonment and confinement to hard labor. *N. H. Rev. Stat. ch.* 216, § 8 *and* 9. Other States have similar provisions for the punishment of this offence. If there were no proviso in the laws of the United States upon that subject, there could be no question that the courts of this State would have jurisdiction to punish the offence of counterfeiting the coin of the United States, committed within the limits of the State. The legislature might as

well provide for such cases as to provide for the punishment of counterfeiting the bills of banks of other States, if done here; and of their right to do this there can be no reasonable doubt. But the Constitution of the United States gives to Congress the power " to provide for the punishment of counterfeiting the securities and current coin of the United States;" and Congress has enacted that if any person shall counterfeit the coin of the United States, or any foreign gold or silver coin current by law in the United States, with intent to defraud, &c. he shall be punished by fine not exceeding five thousand dollars, and by confinement to hard labor not exceeding ten years. 3 *U. S. Laws* 2005, *ch.* 276, § 20. Mr. Justice *Story* says, " this power to provide for the punishment of counterfeiting would naturally flow, as an incident, from the antecedent powers to borrow money and regulate the coinage; and, indeed, without it those powers would be without any adequate sanction." And he adds, " this power would seem to be exclusive of that of the States, since it grows out of the Constitution, as an appropriate means to carry into effect other delegated powers not antecedently existing in the States." 3 *Story's Com. on the Const.* 21, (*book* 3, § 1118.) Probably he would admit the right of the States to punish the crime, notwithstanding the constitutional provision, if no statute of the United States existed for that purpose. See the opinions of the same learned judge in *Houston* vs. *Moore,* 5 *Wheat.* 49, 51, 74; and in *Prigg* vs. *The Commonw. of Pennsylvania,* 16 *Peters* 617; also the opinion of Mr. Justice *Washington* in *Houston* vs. *Moore,* 5 *Wheat.* 21 *et seq.* The supreme court of Missouri, in *Mattison* vs. *The State,* 3 *Missouri R.* 421, held that the section of the act of the General Assembly which punishes counterfeiting the current coin was null and void—Mr. Justice Washington dissenting. In *Houston* vs. *Moore,* Mr. Justice *Johnson* expressed the opinion that an offence may be made punishable both under the laws of the States and of the United States. " It is obvious," he says, " that in those cases in which the United States may exercise the right of exclusive legislation, it will rest with Congress to determine whether the general government shall exercise the right of punishing exclusively, or leave the States at

State *v*. Pike.

liberty to exercise their own discretion." " In cases affecting life or member, there is an express restraint upon the exercise of the punishing power. But it is a restriction operating equally upon both governments, and, according to a very familiar principle of construction, this exception would seem to establish the existence of the general right." He refers to the cases of counterfeiting the current coin and of robbing the mail on the highway, as examples of the actual exercise of this concurrent right. 5 *Wheat*. 33, 34. Others have held that there existed a concurrent jurisdiction in such cases, and that the sentence of either court, state or national, would prevent the exercise of jurisdiction by the other. See 2 *Rep. in Consist. Court of S. Carolina* 776, *State* vs. *Antonio, and the different opinions expressed in that case ;* 9 *Ohio* 133, *Sutton* vs. *The State ;* 1 *Blackford* 198, *Chess* vs. *The State*. [And see 8 *Met*. 313, *Commonwealth* vs. *Fuller*.]

The 20th section of the statute of the United States, before referred to, also contains enactments for the punishment of passing counterfeit coin, knowing it to be counterfeit; and the question has several times arisen, whether the States can punish this as an offence against similar laws enacted by them. It seems to be admitted that Congress has the power to provide for the punishment of passing counterfeit coin, as an incident to the power to coin and punish counterfeiting, although the Constitution does not contain any provision in terms respecting the passing of counterfeit coin. But it has been held in several instances that the States may also punish this offence. 2 *Aiken* 89, *State* vs. *Randall ;* 2 *Bailey* 44, *The State* vs. *Tutt ;* 1 *Kent's Com*. 398, *note*.

It is very clear that the States may punish this offence, if they may that of counterfeiting the coin. If it is to be conceded that the United States possess the power to punish it as an incident to the power expressly granted relative to the coinage, the rights of the States to provide a punishment may probably stand on the same ground as their right to punish counterfeiting.

Some have been of opinion that the 26th section of the act of Congress, before cited, enacting that nothing contained in the

act should be construed to deprive the courts of the individual States of jurisdiction under the laws of the several States, over offences made punishable by this act, operated to reserve to the States a power over the subject matter which would otherwise have been taken away. But it is not readily seen how this provision can affect the case. If the States possess the power, notwithstanding the legislation of Congress, then that section of the statute is entirely inoperative. If the case be one where the legislation of Congress, when it exists, is paramount law, by virtue of the authority of the Constitution, then comes this question: what authority has Congress to reserve a power to the States, in cases where that body has itself legislated upon the subject matter? [13 N. H. Rep. 536, Pierce vs. The State.] Congress it is clear cannot confer authority upon the States.

We have presented these cases for the purpose of exhibiting the difficulties which exist in criminal cases, where the enactments of both governments operate upon the same state of facts, and where there would be no doubt of the right of the State to punish, were it not for the right of the United States to punish also. Undoubtedly a strong legal argument might be presented in favor of the exclusive right of the United States to punish the offence of counterfeiting, or at least to uphold the exclusive character of the laws of Congress upon that subject, when they exist. It may well be doubted whether the power to coin would not be exclusive in the United States, if there were no prohibition upon the States in the Constitution. The States could not furnish a uniform currency. When the principal power is exclusive, it may well deserve question whether the auxiliary, or incidental, when exerted, is not so also. There is great convenience, however, in admitting that the States have the right to punish such offences, and the weight of authority seems to be upon that side. Happily for us, however, we are of opinion that the classes of crime we have thus referred to, although there is some analogy between them and the case before us, do not necessarily govern this case. There is a distinction which we think is conclusive, whatever may be the true principle applicable to them. In those cases the acts done and charged as violations of the laws of both

State *v.* Pike.

governments, are not done in the course of the administration of the laws of either government. But the matters from which the charge now before us arises, are alleged to have occurred under, and in the course of the execution of, the laws of the United States. Those laws required certain things to be done. Congress had the right to prescribe how they should be done, to regulate the duties of all persons who acted under the law, and to prescribe penalties for the violation of such duties. In such case, if acts are done which, if transacted under the laws of this State, would have constituted offences within the provisions of our criminal code, yet, being done in pursuance of the laws of another government, (having the sole power to regulate the whole proceeding,) authorizing the act to be done, prescribing the mode, imposing the duty, and affixing the penalty for the violation of it, the acts cannot be regarded as having been done under the sanction of the laws of this State, so as to subject the parties to punishment under those laws. Mr. Justice *Story* says, exclusive jurisdiction is uniformly attendant upon exclusive legislation. 2 *Mason* 60, *United States* vs. *Cornell.* See also the opinion of Mr. Justice *McLean,* 9 *Peters* 261, *United States* vs. *Bailey.*

The result of our investigation is, therefore, that the demurrer is well taken, and there must be

*Judgment for the defendant.*