Hitchcock, C. J.,
dissenting. This was an action commenced against Van Arman and Hopkins jointly, upon the following instrument in writing:
“ Akron, Ohio, February 14th, 1846.
“ Due J. Gale, or bearer, three cases of brass clocks, to be delivered on the opening of navigation, for value received : each case to contain six clocks, O. G. — be in good order when shipped — throughout furnished, etc.
“ D. N. VAN ARMAN.”
On the back of the instrument is the following indorsement:
“ I guarantee the fulfillment of the within contract.
“Feb. 14,1846. A. HOPKINS.”
The original suit was commenced before a justice of the peace, and judgment was rendered against the defendants. A similar judgment was rendered in the court of common pleas. This latter judgment was reversed in the supreme court of Summit county, and the present writ of error is prosecuted to reverse the judgment of the supreme court. The simple question is, whether Van Arman and Hopkins are original joint contractors, or whether the undertaking of Hopkins is merely collateral.
I have entertained the opinion, that where any person enters into a written contract he is only bound by the terms of his contract, and a court in giving construction to that contract, must look to the contract as it is reduced to writing, in order to ascertain the extent of the liability of an individual who has signed it. A guarantor is not an original contractor; his undertaking is merely collateral. The fact that the guarantee is entered into at the time the original contract is made, can make no difference as to the legal effect. This fact may furnish evi *340 dence that there was a sufficient consideration for the under taking, but it in no shape changes the.nature of the undertak ing. It is still collateral.
It will be observed, that the name of Hopkins is not signed in blank upon the back of this instrument, but the contract is by him written at full length, and that contract is a contract of guarantee. It seems to me that the court, in holding that he is a joint contractor, and liable in a joint action, made a contract for the party, instead of giving a construction to the contract which he has himself made.
Let us for a moment test this principle by a hypothetical case. A enters into a contract to erect for B a house or any other building. The contract is reduced to writing. But B, doubting whether A will fulfill the contract, requires security. A procures C to go his security, and at the time the. contract is executed, C indorses upon the contract, “ I guarantee the fulfillment of the within contract,” and signs his name to the indorsement. In such case does C undertake to build the house ? Upon the doctrine established by the court he does. No one will suppose he ever intended, or that any of the parties ever expected, any such thing. He does not undertake to build the house, but he does undertake that A shall build it. His undertaking is collateral, and if the work is not done, he cannot be sued for the non-performance of the labor, because he has not contracted to perform it. But he may be sued, because A has not performed the labor, for his undertaking was that A should perform it.
So in the case before the court, Hopkins never contracted to deliver the clocks. Yan Arman bound himself to deliver them, and Hopkins undertook that Yan Arman should perform this obligation, not that he would do it himself. If Yan Ar-man failed in making the delivery, Hopkins would be liable on the contract which he himself made, not upon the contract which Yan Arman had made. Such, as it seems to me, is both the law and justice of the case.
*341 A majority of the court consider that the question now presented has been settled in numerous cases in the state, in accordance with the decision now made, and several of these cases are cited. I draw an inference directly the reverse of this from the cases decided. And in the examination which I propose to make, shall refer to other eases, as well as to those cited by the majority of the court.
The first ease I shall refer to, is the case of Green v. Dodge & Cogswell, 2 Ohio Rep. 430. The case was this: Sidney Dodge made his promissory note to Green. Upon the note the defendants, S. Dodge and E. Cogswell, indorsed their names in blank. This indorsement was made without any consideration. Subsequently, the following was written over the indorsement : “ We, the undersigned, bind ourselves as security for Sidney Dodge, for the payment of the within note, according to the tenor and effect thereof, to Daniel Green the obligee in said note.”
The court considered the indorsers as mere guarantors, and held that they could not be charged unless there was some consideration ft>r the indorsement, and unless due diligence had been used to collect the note of the maker.
Here was a blank indorsement, and yet the indorsers were considered as guarantors merely, not as .original promisors. In the case now before the court, there was no blank indorsement, but the indorser stipulated that he guaranteed the fulfillment of the contract. Notwithstanding this stipulation, however, the court say he is an original contractor.
The next case to which I shall refer, is the case of Bright v. Carpenter & Schuer, (9 Ohio Rep. 133,) and this case is relied upon as sustaining the present decision.
The suit was upon a promissory note made by Carpenter, and indorsed in blank by Sehuer. The defendants were sued as joint makers. Evidence was adduced to prove that the note was indorsed by Sehuer, before it came into the hands of Bright, and was so indorsed because Bright insisted upon security.
*342 The court decided that, where a stranger to a promissory note indorses it in blank at the time it is made, he may be treated as a maker, and might be sued as a joint maker, and that such indorser shall have the privilege of a surety. The court also held that parol proof was admissible to show the intention of the parties, as to the extent of the. indorser’s liability. The language of the court is : “ If a person not a party, give his name to a note already existing, his engagement is collateral only, and he is to be held as guarantor; but if such person sign his name to such paper, at the time of its execution, without prescribing the limits of his responsibility, he authorizes the holder to treat him as a maker, and is as much bound,.as if his name was written under that of the maker.” .
It is impossible for me to perceive upon what principle the above cited case can be held to be an authority in the case now before the court, to sustain the decision made by a majority. In the case cited, Schuer had indorsed the note in blank, and the evidence proved that this was done before the note was delivered, and that the intention was, that Schuer should undertake as surety. In the case now before us, there was no blank indorsement, and Hopkins did not put his name to it “ without prescribing the limits of his responsibility.” He expressly prescribes “ the limits of his responsibility.” His indorsement is, “ I guarantee the fulfillment of the within contract.” He prescribed, as he had a right to do, the extent of his undertaking ; but the court hold, that, though he. undertook as guarantor, he shall be bound as original contractor. And this, too, without any evidence that the indorsement was made at the time of the execution of the contract, except that it bears date on the same day ; as if, where an indorsement is made on the day of the date of a note, the indorser must, of necessity, have written his name on the back, at the same time the maker signed it.
This case of Bright v. Carpenter & Schuer, is the only case cited to sustain the opinion of the majority of the court, where the contract declared upon was evidenced by an indorsement *343 upon the back of a written instrument. Still there are other cases in the Ohio Reports, upon the same point.
The case of Champion Lathrop v. Timothy Griffith, (12 Ohio R. 228,) was an action against Griffith as joint maker of a note with one Bridgman.
On the trial the following note was offered in evidence :
“ Columbus, March 28,' 1837. Four months after date 1 promise to pay Champion and Lathrop, or order, one hundred dollars, for value received. (Signed) Thos. Brid&man.’'’
On the back of the note was indorsed the name of the defendant “ T. Griffith,” in blank. It was in proof, that some time before suit brought, Griffith received from Bridgman fifteen dollars, to be applied on the note. And this was' all the evidence in the case.
The court nonsuited the plaintiff, and the case was presented upon a motion to set aside the nonsuit. This motion was overruled, and the court held that, “ The mere indorsement upon a note, of a stranger’s name in blank, is prima facie evidence of guaranty. But if made at the time of execution by •the other party, or in pursuance of an intention to become responsible, it is an original undertaking; and such person will be held as maker of the note. Such intention may be proved by parol, and the same rule applies whether the instrument was negotiable or not.”
The case of Robinson v. Abel et al., (17 Ohio R. 36,) is a case of precisely the same character with those already cited, and the principle adopted by the court is the same. In each case the name of the indorser is in blank. And there can be no earthly doubt, from what is said in the case in 9 Ohio R. that had the indorser in the indorsement prescribed “ the limits of his responsibility,” the court would have held him to the contract which he had actually made, and would not have imposed upon him a contract which he had never entered into.
The principle settled in these cases, is sustained by various cases to be found in the Massachusetts Reports, which are re *344 fer'red to in the case of Bright v. Carpenter & Schuer. But so far as I am informed, the same rule does not obtain in any of the other states. If it does, no decisions, either now or at any former period, in which it has been so determined, have been referred to. And it should be remembered, that the cases in Massachusetts, as well as in Ohio, are all eases in which the indorsement is in blank. Neither in Massachusetts, nor in Ohio, nor in any other state or country, has it before been decided, that where the indorser, at the time of indorsing, prescribes expressly the limits and extent of his liability, the court will, by construction, change his contract, so as to make .him liable beyond his express undertaking.
In addition to the case of Bright v. Carpenter & Schuer, cited from 9 Ohio Reports, two other cases are cited to sustain the decision now made. In neither of those cases, howrever, was there any question as to the effect of an indorsement of a note whether in blank or otherwise, but in both cases the names of the persons charged as original contractors, appear upon the face of the instrument declared upon. I know of no case in which it has been holden by this court, under such circumstances, that the individual thus subscribing his name, has not been held as an original contractor.
The first case referred to, is the case of Stage v. Olds et al., 12 Ohio R. 158. It was an action of covenant, against Edson B.' Olds, Thomas Huston, Joseph Olds and Andrew Huston, upon a contract, as follows:
“ Circleville, Oct. 6th, 1836. Por value received, I hereby agree and bind myself to pay, within five years from the first ■day of April next, to the Ohio Life Insurance and Trust Company, the loan of $1,500 made by said company to Richard Stage, and, if the payment thereof should be sooner required by said company, then to pay the same to said company, and to pay all interest which shall accrue thereon, from and after the first day of this month, said Stage paying interest up to that time, and I hereby agree to save said Stage harmless^ from all *345 further claim on him by said company, on account of said loan. Witness my hand and seal the day above written.
“ EDSON B. OLDS, [l. s.]”
“ We hereby bind ourselves as security for said Olds, for the full and faithful performance of said agreement. Witness our hands and seals the 6th day of October, 1836.
“THOMAS HUSTON, [l. s.]
“JOSEPH OLDS, [l. s.]
“ANDREW HUSTON, [t. s.]”
The defendants were declared against as joint covenantors upon this instrument of writing.
The defendant Edson B. Olds, craved oyer of the instrument, and demurred to the declaration.
The court overruled the demurrer, and held that the defendants were joint obligors, the first as principal and the three last as sureties. The decision in this case is fully sustained by the case of Hunt's Administrator v. Adams, 5 Mass. R. 358. There is this difference only, in the two cases; the case in Massachusetts was upon a promissory note; this case upon a sealed instrument.
If we but for a moment look at the contract executed by Olds and others, I cannot perceive how they could have been treated in any other manner than as joint contractors. They all signed the same instrument, and at the same time. The only effect of the writing between the name of Edson B. Olds and the others, was to show that they were securities. The legal, effect is precisely the same as if the three last signers had each one of them attached the word “ security ” to his name. Or it is the same as if, in the body of the instrument, it had been specified that Edson B. Olds was principal and the others securities. The declaration was, as decided by the court, according to the legal effect of the instrument.
But the case now under consideration is entirely different. Hopkins does not sign the instrument as an original contraetoi*. *346 He merely indorses it, and in that indorsement is careful far limit the extent of his undertaking or liability. My objection to the ruling of the majority of the court is, that they do not enforce the contract which Hopkins himself made, but make for him a different contract. It is said it makes no difference where the name of a person appears upon an instrument, whether upon its face or upon its back. It does make a difference, except in a single case, where the name is indorsed in blank. And even then, such indorser is to be held as a guarantor, unless there shall be proof that he put his name to the instrument at the time it was executed by the maker, or in pursuance of an anterior agreement to become security.
The next case cited by the majority of the court, is the case of Leonard v. Sweetzer, 16 Ohio R. 1. This was an action of assumpsit against the defendant upon ah instrument of writing, as follows: “ Eor value received, I, Welcome Martin, agree- and bind myself to pay the half of a certain judgment in Knox county, in favor of the Clinton Bank of Columbus, against Joseph Leonard, William Leonard, George Leonard and Robert T. Hickman, of about eight hundred and sixty dollars, more or less, and save said Joseph harmless from all costs.
“Dec. 13, 1837. (Signed) WELCOME MARTIN.”
“ I guarantee the fulfillment of the above contract.
“ Dec. 13,1837. (Signed) CHARLES SWEETZER.”
Upon this instrument, the court held Sweetzer to be an original contractor, and the reasons are assigned. The court say: “ We regard Sweetzer as an original contractor. The paper was executed by himself and Martin, both at the same time-, Martin signing first, and Sweetzer connecting with his signature just enough to show he contracted as a surety. Indeed, he is liable in this case, precisely as he would have been, if he had barely written the word {surety ’ after his name; and an action could be sustained, upon the paper, against Martin and Sweetzer jointly, as well as against either of them separately. *347 In this view the only question involved was decided, by this-court, in the case of Stage v. Olds et al."
This extract shows that the court, in coming to the conclusion arrived at, were influenced by the manner in which the instrument was executed, the names of both the makers appearing upon its face, and the signature of the one following the other, the latter prefixing to his name “just enough to show that he contracted as surety.”
How this decision can, with propriety, be held to be an appropriate authority, in the case now under consideration, it is-impossible for me to conceive. This case went as far, certainly, as the authorities would justify. But the one now decided destroys all disctinction between indorsements, whether made in blank or otherwise. It decides, in fact, that a stranger to a note or other instrument, shall not be allowed, by his indorsement, to prescribe the limits and extent of his undertaking. No court, so far as I can learn, has gone this length; and I am not willing to do it now, believing that it will tend to unsettle the laws and work manifest injustice.