GIBSON and others *vs.* WOODWORTH and others.

The courts of the United States, under the patent law of July 4th, 1836, have exclusive cognizance of suits in equity relative to interfering patents in cases where the court under that law is authorized to declare a patent inoperative and void, either wholly or in part, or as to any particular portion of the United States.

Whether the court of chancery has concurrent jurisdiction with the federal courts in cases in which rights under the patent laws come in question collaterally, or in suits in which the nature of the relief asked for would not have the effect to invalidate the patent; *Quære ?*

March 3. THIS was an application for an injunction to restrain the defendants from using, or granting to any other person the right to use, a planeing machine in the county of Albany, in virtue of a patent granted to William Woodworth, in November, 1836. The ground upon which relief was sought was, that this patent was an infringement of a right which the complainants claimed they had obtained under a previous patent to Woodworth ; which they alleged to be substantially the same improvement for which the last patent was obtained. They also claimed the right to the benefit of the last patent for the county of Albany, as the assignees of a covenant or covenants entered into by Woodworth with the assignees of the first patent. In opposition to the motion the affidavit of Woodworth was produced, in which he stated that the machine for which he obtained the patent in 1836, was not an infringement upon, nor in addition to the machinery of the planeing machine previously patented to him, and claimed by the complainants as special assignees ; nor was it an alteration of such previous patent.

*Ira Harris,* for the complainants.

*S. Stevens,* for the defendants.

THE CHANCELLOR. Upon the hearing of this motion I had great doubts whether a state court of equity had jurisdiction to settle the conflicting claims of the parties under these two patents. I therefore gave leave to the complainants to withdraw their application, for the purpose of presenting it to the circuit court of the United States ; which court had an unquestionable jurisdiction of the case, under the seventeenth section of the patent law of July 4, 1836. (*Laws of U. S.* 1836, *p.* 242.) But as that suggestion was not acted upon by them, the duty is imposed upon this court of deciding this question of jurisdiction, as well as the merits of the application if the claim of the complainants can be entertained here.

In the case of *Burrall* v. *Jewett,* (2 *Paige's Rep.* 134,) which arose and was decided long previous to the act of 1836, I arrived at the conclusion that the act of February, 1819, extending the jurisdiction of the circuit courts of the United States to cases arising under the law relating to patents, was not intended to give to the federal courts exclusive jurisdiction of all cases in equity arising under the patent laws. And that the words of the statute, " shall have original cognizance," did not necessarily exclude the state courts from exercising original cognizance of such cases also ; except where the object of the suit, or the effect of the decision in such suit, might be to avoid the patent or to render it a nullity, as in the case of *Parsons* v. *Barnard,* (7 *John. Rep.* 144.) Since the decision in *Burrall* v. *Jewett* the act of 1819 has been superseded by the revised patent law of 1836. This last law also repeals the provision, in the act of February, 1793, under which the supreme court of this state, in *Parsons* v. *Barnard,* declared the courts of the United States had exclusive jurisdiction in suits where the court was directed to declare the patent void upon a verdict against its validity. The language of

the 17th section of the act of 1836 is somewhat altered from that which was contained in the act of February, 1819. The section now provides that " all actions, suits, controversies, and cases arising under any law of the United States granting or confirming to inventors the exclusive right to their inventions or discoveries, *shall be originally cognizable*, as well in equity as at law, by the circuit courts of the United States," &c. It is not necessary here to decide whether it was the intention of the framers of that section to give to the circuit courts of the United States exclusive jurisdiction of every case in which a right under the patent laws might come in question collaterally ; or even to exclude the jurisdiction of the state courts in any case, except those where, from the nature of the relief to be given, the jurisdiction of the federal courts must necessarily be exclusive under the constitution and laws of the United States.

But upon referring to the sixteenth section of that act it will be seen that, upon such a bill as the present, the court is authorized, in a case of interfering patents, to adjudge and declare a patent inoperative and void, either wholly or in part, or in any particular portion of the United States. Upon the principle, therefore, on which the decision in *Parsons* v. *Barnard* was based, I think this court has not jurisdiction to settle the conflicting claims of these parties under the two patents of 1828 and 1836.

The application for an injunction must therefore be denied with costs ; without reference to the merits of the case.

Order accordingly.