## Case No. 13,341.

### STEARNS et al. v. UNITED STATES.

[2 Paine, 300.] [1]

#### Circuit Court. [2]

COURTS—STATE AND FEDERAL—JURISDICTION OVER FEDERAL CAUSES—PENAL ACTIONS—SURETY —DISCHARGE IN STATE COURT.

1. The act of congress of August 2, 1813 (4 Bior. & D. Laws, 611 [3 Stat. 72]), giving to the state courts jurisdiction in certain specified cases of penalties, incurred under the laws of the United States, must be considered pro tanto a repeal of the judiciary act of 1789 [1 Stat. 73], whereby exclusive original cognizance of the same was given to the district courts.

2. Congress may vest exclusively in the courts of the United States all the judicial power of the United States; and no part of the

1 [Reported by Elijah Paine, Jr., Esq.]
2 [District and date not given. 2 Paine includes cases from 1827 to 1840.]

criminal jurisdiction of the United States can. consistently with the constitution, be delegated to the state tribunals.

[Cited in Sherman v. Bingham, Case No. 12,762.]

3. The state courts may exercise jurisdiction in all cases authorized by the laws of the state. and not prohibited by the exclusive jurisdiction of the federal courts. Congress may revoke and extinguish the concurrent jurisdiction of the state tribunals in every case in which the subject-matter can constitutionally be made cognizable in the federal courts. But without an express provision to the contrary, the state courts will retain a concurrent jurisdiction in all cases where they had jurisdiction originally over the subject-matter. It is, however, optional with the state courts to exercise such jurisdiction or not.

[Cited in McConologue's Case, 107 Mass. 166.]

4. The United States and the state governments are not to be considered as entirely foreign to each other. Although the laws of one state may be deemed as foreign in relation to the government and citizens of another state, because in no sense binding without the jurisdiction of the state; yet the laws of the United States are not to be considered as the laws of a foreign government. but rather as laws binding on the same people as the government and laws of the several states.

5. The state courts are not inferior tribunals in the sense of the constitution. Congress cannot. therefore, compel them to entertain jurisdiction in any case; but leaves them to consult their own duty from their own state authority and organization.

6. The jurisdiction of the state courts over federal causes is confined to civil actions for civil demands, or to enforce penal statutes. They have no criminal jurisdiction over offences exclusively existing as offences against the United States.

7. Actions for penalties being founded upon the implied contract which every person enters into with the state, to observe its laws, are civil actions both in form and substance.

8. In suits for penalties incurred under the act of congress of August 2, 1813 (4 Bior. & D. Laws, 611 [3 Stat. 72]), giving a moiety to the United States and the other moiety to the collector or informer, the state courts have jurisdiction.

9. The United States are a body corporate. having capacity to contract and to take and hold property. and in this respect stand upon the same footing with other corporate bodies; and if they prosecute their suits in the state courts and avail themselves of the state laws, such state process as they use for the purpose of enforcing their rights, must be subject to the state law.

[Cited in U. S. v. Tetlow, Case No. 16,456.]

10. Where, therefore, one committed to prison upon a judgment recovered against him as bail, in a suit for a penalty, under the act of congress, of August 2, 1813, brought in a state court, was discharged from imprisonment under a law of the state, and the defendant plead such discharge in bar of an action of debt brought by the United States on the bond given for the jail liberties, it was held that the plea was good, and a judgment rendered upon a demurrer to the plea was reversed.

[Error to the district court of the United States for the district of Vermont.

[This was an action of debt by the United States against Joseph Stearns and others. From a judgment in the district court in

favor of the United States (case unreported), defendants brought error.]

THOMPSON, Circuit Justice. This case comes up on a writ of error to the district court of Vermont. It was an action of debt brought by the United States, as assignees of the sheriff of the county of Bennington, and state of Vermont, on a bond given for the liberties of the prison; the action being for an escape in violation of the bond.

The defendants set up as their defence: 1st. That the judgment recovered against Stearns, and upon which he was committed to prison, was as bail for one William S. Cardell, who was prosecuted in the Bennington county court of the state of Vermont, for a penalty incurred under the act of congress of the 2d August, 1813 (4 Bior. & D. Laws, 611 [3 Stat. 72]), entitled "An act laying duties on licences to retailers of wine, spirituous liquors and foreign merchandise," and alleging such judgment was void for want of jurisdiction in the state court to entertain such suit. 2d. That Stearns, after his commitment, and before his escape, was discharged from imprisonment under the law of the state of Vermont relative to poor prisoners. To these pleas there was a general demurrer and joinder, and the district court gave judgment for United States upon the demurrer.

The ground upon which the first plea is attempted to be sustained is, that the state court of Vermont had no jurisdiction in the original cause out of which the action in the district court grew. It would certainly be going very great lengths to look back now to the original cause of action. A judgment having been recovered against Cardell, the original offender, without interposing any objection—and a judgment against Stearns, his bail—and no objection made until suit is brought upon the bond for the jail liberties, I am not prepared, however, to say that if the original cause was coram non judice, and absolutely void, it would be too late to take advantage of it. Under the judiciary act of 1789 (2 Bior. & D. Laws, p. 50, § 9 [1 Stat. 76]), exclusive original cognizance is given to the district courts in all suits for penalties and forfeitures incurred under the laws of the United States; but by the act under which the penalty in question was incurred, jurisdiction is given to the state courts in certain specified cases (4 Bior. & D. Laws, p. 613, § 5 [3 Stat. 73]) within which I must presume the present falls, as the plea contains no averment to the contrary. This act must, therefore, be considered pro tanto a repeal of the judiciary act of 1789, and unless unconstitutional, must give jurisdiction to the state courts. There has been great diversity of opinion entertained by different courts and different judges in the United States upon the question how far it was competent for congress to give jurisdiction to the state courts in cases coming under the laws of the United States. The cases in which these opinions have been drawn forth, have generally been criminal cases arising upon habeas corpus.

It seems to be admitted by all, that congress may vest exclusively in the courts of the United States, all the judicial power of the United States, but whether imperative upon congress so to do is a point upon which some diversity of opinion has been entertained. [Martin v. Hunter] 1 Wheat. [14 U. S.] 304. And it seems to be admitted, also, that no part of the criminal jurisdiction of the United States can, consistently with the constitution, be delegated to the state tribunals.[3] And the judicial act of 1789 gives to the courts of the United States exclusive jurisdiction of all crimes and offences cogniza-

---

[3] That there are no equity courts in the state in which the court of the United States is held, nor laws regulating the practice in equity cases, does not prevent the exercise of equity jurisdiction in the courts of the United States which are bound to proceed in equity causes according to the principles, rules and usages which belong to courts of equity, as contradistinguished from courts of common law. Gaines v. Relf, 15 Pet. [40 U. S.] 9. The practice of the English court of chancery is the practice of the courts of equity of the United States. State of Rhode Island v. State of Massachusetts, 14 Pet. [39 U. S.] 210. The supreme court is one of limited and special original jurisdiction; its action must be confined to the particular cases, controversies and parties over which the constitution and laws have authorized it to act; and, any proceeding beyond the limits prescribed, is coram non judice, and a nullity. Id., 12 Pet. [37 U. S.] 657. The circuit court has full jurisdiction, in equity, in cases of fraud, to the same extent, and with the same limitations, as the state courts of equity. Gould v. Gould [Case No. 5,637]. The courts of the United States, as courts of equity, possess jurisdiction to maintain suits in favor of legatees and distributees for their portion of the estate of the deceased, notwithstanding there may be, by the local jurisprudence, a remedy at law on the administration bond in favor of the party. This class of cases is of concurrent, not of exclusive jurisdiction. Pratt v. Northam [Id. 11,376]. Their equity jurisdiction is not limited or restrained by the local remedies in the different states; it is the same in all the states, and is the same which is exercised in the land of our ancestors, from whose jurisprudence our own is derived. Pratt v. Northam [supra]; Fletcher v. Morey [Case No. 4,864]. And its equitable jurisdiction may be exercised, although the case be not remediable in the state court. Fletcher v. Morey [supra]. The courts of the United States have an exclusive maritime jurisdiction, extending as far as the tide ebbs and flows. Those who furnish supplies, &c., for vessels in foreign ports, or in a state where the owners do not reside, have liens on the vessels, which they may enforce in a court of maritime jurisdiction, and the decree binds all parties interested. Thoms v. Southard, 2 Dana, 481. A steamboat having been libelled in a federal court having maritime jurisdiction in another state, and that court having directed a sale of the boat, and distributed the proceeds among various persons who became parties, and established claims for which the boat was liable; and, having made a final decree, settling the respective rights of the owners, claimants and mortgagees of the boat; and the decree being pleaded in a suit in Kentucky, this court presumes, nothing appearing to the contrary, that that court had jurisdiction

ble under the authority of the United States, except when the laws of the United States shall otherwise provide. And we accordingly find, in various acts of congress, this reservation is expressly made, and is done not by way of grant of any power but to remove a disability created by the judiciary act of '89. In the case of Martin v. More, 5 Wheat. [18 U. S.] 1, it was held by the supreme court of the United States that congress cannot confer jurisdiction upon any courts but such as exist under the constitution and laws of the United States; although the state courts may exercise jurisdiction in cases authorized by the laws of the state, and not prohibited by the exclusive jurisdiction of the federal courts. Chancellor Kent (1 Comm. 374) says: "The conclusion then is, that in judicial matters the concurrent jurisdiction of the state tribunals depends altogether upon the pleasure of congress, and may be revoked and extinguished whenever they think proper, in every case in which the subject-matter can constitutionally be made cognizable in the federal courts; and that without an express provision to the contrary, the state courts will retain a concurrent jurisdiction in all cases where they had jurisdiction originally over the subject-matter."

There are numerous acts of congress in which duties have been imposed on state magistrates and courts, and by which they have

---

in rem, and of all the matters embraced by the decree; and holds it conclusive and final, notwithstanding the suit here was previously commenced upon some of the same claims. Id. The appearance of parties will enable a court of maritime jurisdiction to proceed upon contracts relating to a vessel, though the claims are not such as to give jurisdiction in rem. Id. 483. In a contract between a mortgagor and a mortgagee, being citizens of different states, an ejectment bill to foreclose may be brought in a court of the United States, by the mortgagee residing in a different state. M'Donald v. Smalley, 1 Pet. [26 U. S.] 520. A cross bill in the same court, or an injunction bill to stay the proceedings in a suit pending, or to obtain relief against a judgment recovered in the same circuit or district court of the United States, between the same parties, or their representatives, is not an original suit or proceeding within the meaning of that provision of the judiciary act of the United States which prohibits the bringing of a civil suit before a circuit or district court, by original process, against an inhabitant of the United States, in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ. Bates v. Delavan, 5 Paige, 299. Where a circuit court of the United States has jurisdiction of a cause, the court of chancery of a state will not inquire into the regularity of its proceedings as to mere matters of practice, in a new suit founded upon the decree of such circuit court. Id. Where the amount claimed in the bill was less than one thousand dollars, the amount required to give jurisdiction in appeals, and writs of error, the appeal was dismissed, although the title to land might be inquired into incidentally. Bank of Alexandria v. Hoof, 7 Pet. [32 U. S.] 168. The jurisdiction of the district court of the United States for the district of Alabama, and the right of the plaintiff to prosecute his suit, having attached by the commencement of the suit in the district court, the right cannot be taken away or arrested by any proceedings in another court. An attachment of the debt by the process of a state court after the commencement of a suit in a court of the United States, cannot affect the right of the plaintiff to recover in the suit. Wallace v. M'Connell, 13 Pet. [38 U. S.] 136. The settled construction given by the supreme court to the 25th section of the judiciary act of 1789, is, that to bring a case within the reach of the section, it must appear on the face of the record of the state court, either by express terms, or by clear and necessary intendment, that the question of a construction of a clause of a statute of the United States did actually arise in the state court. Ocean Ins. Co. v. Polleys, 13 Pet. [38 U. S.] 157. To give the supreme court of the United States jurisdiction under the 25th section of the judiciary act, in a case brought from the highest court of a state, it must be apparent in the record that the state court did decide in favor of the validity of the statute of the state, and the constitutionality of which it brought in question on the writ of error. Two things must be apparent in the record: first, that one of the questions stated in the 25th section did arise in the state court; and secondly, that a decision was actually made thereon by the same court in the manner required by the section. McKinney v. Carroll, 12 Pet. [37 U. S.] 66. The local laws of a state of the United States can never confer jurisdiction on the courts of the United States; the jurisdiction must be vested by the laws of the United States. The Orleans v. Thoebus, 11 Pet. [36 U. S.] 175. Where a cause in chancery involves a naked question of title, the suit is local, and must be brought in the circuit court of that district where the lands lie. Massie v. Watts, 6 Cranch [10 U. S.] 148. But if it is a case of contract, or trust, or fraud, the principles of equity give the court jurisdiction wherever the defendant may be found; and the circumstance that a question of title may be involved in the inquiry, and even constitute the essential point on which the case depends, will not deprive the court of its jurisdiction. Id. In cases involving trust, contract, or fraud, a court of equity has jurisdiction in personam, wherever the person of the defendant is even casually to be found within its jurisdiction, although it may be unable to enforce its decree in rem, the property in controversy being out of its jurisdiction. Id. The courts of the United States have equity jurisdiction, to rescind a contract on the ground of fraud, after one of the parties to it has been proceeded against on the law side of the court, and a judgment has been obtained against him for a part of the money stipulated to be paid by the contract. Boyce v. Grundy, 3 Pet. [28 U. S.] 210. In the courts of the United States, the remedies in equity are to be not according to the practice of state courts, but according to the principles of equity as distinguished and defined in that country from which we derive our knowledge of those principles. Robinson v. Campbell, 3 Wheat. [16 U. S.] 212, 223. Consistently with this doctrine, it may be admitted that where, by the statutes of a state, a title which would otherwise be deemed merely equitable, is recognized as a legal title, or a title which would be good at law, is, under circumstances of an equitable nature, declared by such statute to be void, the rights of the parties, in such case, may be as fully considered in a suit at law in the courts of the United States, as they would be in any state court. Id. It has been settled, on great deliberation, that this court may exercise its original jurisdiction in suits against a state, under the authority conferred by the constitution, and existing acts of congress. State of New Jersey v. State of New York, 5 Pet. [30 U. S.] 284. The United States court has jurisdiction on appeal from the supreme court of the state of Ohio, in a case

been invested with jurisdiction in civil suits, and over complaints and prosecutions, in cases for fines, penalties and forfeitures accruing under laws of the United States; and it seems to be pretty generally admitted that the state courts are not bound to exercise jurisdiction although given, but it was optional with them to do it or not; and in some instances the state courts have acted in those cases, and in some have declined jurisdiction. In the state of New York, it has been settled that the state courts have concurrent jurisdiction upon habeas corpus with the United States courts, when the imprisonment was by an officer of the United States, by color or under pretext of the authority of the United States; and there has

been the like practice in some other states, and in some jurisdiction has been declined. In the case of U. S. v. Dodge, 14 Johns. 95, the supreme court sustained a suit upon a bond for duties given to a collector of the United States customs. This was an action founded entirely upon the laws of the United States, and did not, and could not have existed prior to the adoption of the federal government. But the same court decided in the case of U. S. v. Lathrop, 17 Johns. 4, that they had no jurisdiction of a suit for a penalty incurred under the act now in question, and that jurisdiction could not be conferred by congress. This last case seems to be put upon the ground that the United States and the state governments are

---

where was drawn in question, at the trial, the construction of the act by which Virginia ceded the territory she claimed north-west of the Ohio river to the United States, and of the resolution of congress accepting the deed of cession, and the acts of congress prolonging the time of completing titles to land within the Virginia military reservation; the decision of the supreme court of Ohio having been against the title set up under the acts of congress. Wallace v. Parker, 6 Pet. [31 U. S.] 680. If, upon a contract of sale, the purchaser pay a part of the purchase-money, and give his bond for the balance, and agree to give a mortgage upon the property purchased, to secure the payment of the bond, but fails to give it, and the vendor afterward conveys the property to another person; the court will decree the re-payment of the sum paid, and that the bond be delivered up and cancelled. Castor v. Mitchel [Case No. 2,507]. It was not sufficient to oust the jurisdiction of the equity side of the court, that the plaintiff has a remedy on the common law side; unless it appear that such remedy be adequate and complete to the object of the suit. Mayer v. Foulkrod [Id. 9,341]. Although a legatee has a remedy at common law, by the law of Pennsylvania, this does not oust the jurisdiction of the equity side of the circuit courts of the United States. To effect that, the common law side of those courts must be able to afford full, complete, and adequate remedy. Id. The judicial power of the United States extends to all cases arising under the constitution and laws of the general government: but the federal court can only exercise judicial power in cases in which it has been delegated to them by the laws of congress. Id. The act of 15th February, 1819 [3 Stat. 481], extends the jurisdiction of the circuit courts of the United States to suits both at law and in equity, arising under the patent laws; but it does not render the jurisdiction of those courts exclusive in such cases. Id. In the case of Crowell v. Randall, 10 Pet. [35 U. S.] 368, the court revised all the cases of jurisdiction under the 25th section of the judiciary act, and laid down the law as they wished it to be understood. Choteau v. Marguerite, 12 Pet. [37 U. S.] 507. Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit; to adjudicate or exercise any judicial power over them. State of Rhode Island v. Commonwealth of Massachusetts, Id. 657. And no court can, in the ordinary administration of justice in common law proceedings, exercise jurisdiction over a party, unless he shall voluntarily appear, or is found within the jurisdiction of the court so as to be served with process. Such process cannot reach the party beyond the territorial jurisdiction. Id. The circuit court of the United States cannot entertain a bill of revivor where the controversy which it seeks to revive is now between citizens of the same state, though the parties in the original bill

were citizens of different states. As where a bill of revivor was brought by an administrator, who was a citizen of the same state with the defendant, though his intestate was of a different state. Clark v. Matthewson [Case No. 2,-857]. But where the parties are citizens of different states at the commencement of the suit, a subsequent change of domicil and citizenship will not oust the jurisdiction. Id. The courts of the United States, under the patent law of July 4th, 1836 [5 Stat. 117], have exclusive cognizance of suits in equity, relative to interfering patents, in cases where the court, under that law, is authorized to declare the patent inoperative and void, either wholly or in part, or as to any particular portion of the United States. Gibson v. Woodworth, 8 Paige, 132. A circuit court sitting as a court of law, may direct credits to be given on a judgment in favor of the United States, and may consequently examine the grounds on which such credits are claimed, and may direct execution to be stayed, until such investigation shall be made. U. S. v. McLemore, 4 How. [45 U. S.] 286. But it cannot entertain a bill on the equity side, for a perpetual injunction against the United States, from proceeding upon such judgment. Id. A decree or judgment cannot be given against the United States for costs. Id. The circuit court, as a court of equity, possesses no revisory power over the state courts, in the exercise of their jurisdiction. Tobey v. County of Bristol [Case No. 14,065]. The circuit court has ample power to entertain a cause over which the state court has jurisdiction, provided the circuit court have full concurrent jurisdiction. Id. When the circuit court possesses a full jurisdiction over a case, and the party has rights which he is entitled to have protected by its authority, the existence of concurrent jurisdiction in a state court, will not authorize it to decline jurisdiction over the cause; Story, J., Id. Although a party may have the right to sue in the courts of the United States, he still may elect to proceed in the state court. Delafield v. State, 2 Hill, 160. The jurisdiction of courts of probate in Louisiana, is confined to cases which seek an account and settlement of effects presumed to be held by the representative of a succession. It has not jurisdiction over cases of alleged fraud or waste, or embezzlement of the estate. Fourniquet v. Perkins, 7 How. [48 U. S.] 160. The district courts are courts of general civil jurisdiction. Id. Hence, where a petition was filed in the court of probate, against an administrator, praying that he might account, and also be held liable for mal-administration and spoliation, it was proper to transfer the case for trial to the district court. Id. The judgment in the district court being generally for the defendant, must be supposed to cover the whole case, and not to have rested upon only a branch of it, viz.: a release which was pleaded by the defendant. Id.

to be considered entirely as foreign to each other, and that the case falls under the rule, that the courts of one sovereignty will not take cognizance of and enforce the penal code of another. I cannot concur in this broad view of the relation in which the United States and the state governments stand to each other, or that the laws of the United States are to be considered as the laws of a foreign government. They are laws operating upon and binding on the same people as the government and laws of the several states. The laws of one state may be considered as foreign in relation to the government and actions of another state, because in no sense binding without the jurisdiction of the state. Not so with respect to the laws of the United States. The government of the United States and that of the states ought rather to be considered as parts of the same system. The law in question was binding on the people of the state of Vermont, and declared by the constitution to be the supreme law of the land, and the judges of this state are sworn to support the constitution. This was not a criminal prosecution. but a civil action to recover a penalty for breach of a statute. It was no more a suit or penalty created by a law of the United States, than was a suit for the collection of a duty-bond; both grew out of laws of the United States, and could not have existed without such laws. To sustain this suit, is not administering the criminal law of the United States. Actions for penalties are civil actions. both in form and in substance, according to Blackstone (3 Comm. 158). The action is founded upon that implied contract which every person enters into with the state to observe its laws. Cowp. 391; 2 Term R. 154; 4 Term R. 756. Congress cannot compel a state court to entertain jurisdiction in any case; they are not inferior courts in the sense of the constitution; they are not ordained by congress. State courts are left to consult their own duty from their own state authority and organization. Their jurisdiction of federal causes. says Chancellor Kent (1 Comm. 377). is confined to civil actions for civil demands. or to enforce penal statutes; they cannot hold criminal jurisdiction over offences exclusively existing, as offences against the United States. Every criminal prosecution must charge the offence to have been committed against the sovereign whose courts sit in judgment upon the offender. See 1 Kent, Comm. 370. The first plea, therefore, cannot be sustained.

With respect to the second question, as to the effect of the discharge from imprisonment, the statute of Vermont makes no exception in relation to claims or demands on the part of the United States; and I am not able to discover any sound principle upon which this case can be taken out of the statute by implication. The United States are a body corporate, having a capacity to contract, to take and to hold property, and in this respect stand upon the same footing with other corporate bodies; and if they will prosecute their suits in the state courts, and avail themselves of the state laws for this purpose, it is not perceived that any good reason can be given why such state process as they use for the purpose of enforcing their right, should not be subject to the state law. Had the suit been originally prosecuted in a court of the United States, and the imprisonment, under an execution, issued from such court, different considerations might have been presented. But there are no principles of prerogative applicable to the case, which will take it out of the statute, especially as this is not a debt exclusively due to the United States. The act gives a moiety only to the United States, and the other moiety goes to the collector or the informer, although the suit is in the name of the United States. The law authorizes the suit to be prosecuted in the name of the United States or the collector.

Exception has been taken to some informalities in the plea. These exceptions might have been entitled to some consideration, if they had been brought before the court upon a demurrer to the plea; but they come too late to be taken advantage of upon a writ of error.

The cause of action alleged in the declaration is substantially an escape from the prison limits. The plea sets up a discharge from imprisonment, under the law of the state of Vermont; and all the material allegations in the plea to bring the case within the act, are substantially stated: and these were admitted by the demurrer. The judgment of the district court, upon the effect of such discharge, was, that it did not furnish any excuse for the escape, but that the bond for the jail limits was forfeited. notwithstanding such discharge under the state law. In this, I think, the court erred, and that the judgment must be reversed.

This view of the case might have rendered it unnecessary to express any opinion upon the first point; but as some question may possibly hereafter arise, whether the judgment recovered in the state courts was absolutely void or not, it was deemed expedient to express an opinion on that point also, although in this respect the judgment of the district court is not considered erroneous, but is reversed upon the other point in the case. Judgment reversed.