Peckham, J.
 

 This cause has been tried upon the merits at the circuit, the judgment thereon affirmed at the General Term, and now for the first time, so far as the case shows, the point is raised that a State court has no jurisdiction to try the question litigated. Ho such question is presented in the answer or raised at the trial. But after trying the case upon the merits and being beaten, and judgment affirmed, they come late and raise a question of jurisdiction that should have been presented
 
 in JÁ/rmne
 
 by demurrer. If well taken, the demurrer would have saved great labor and expense.
 

 Perhaps they have the right to present it now. There is no other question in the case. The findings are full and no exception is taken to either, and there is no exception presenting any point as to the patent, for review. It is not clear
 
 *446
 
 that any question as to jurisdiction can arise here. If there were no dispute or controversy as to the patent, if the plaintiff’s complaint on this point were undisputed, could there be said to be any “ action, suit or controversy ” on the subject ? Here, at the trial, the defendant introduced no testimony/as to the patent, and took no exception presenting any real question for review. But assume it is presented, has a State court, jurisdiction of this action ?
 

 It will be observed that this is an action founded entirely upon the bond, but it appeals to the equity powers of the court for relief. It is not an action upon any statute of the United States. It is founded upon this bond or contract.
 

 In such case a State court has jurisdiction.
 

 In
 
 Osborn
 
 v.
 
 The U. S. Bank,
 
 9 Wheat., at 824, Marshall, Ch. J., put the right of the bank to sue in a United States court upon the ground that its authority arose wholly from a .statute of Congress. He said: “The action is founded in its charter given by Congress.” “ That is its origin.”
 

 It is held that a State court has no jurisdiction of an action for an infringement of a patent. That would necessarily be founded upon the action of Congress.
 
 (Gibson
 
 v.
 
 Woodworth,
 
 8 Paige, 132; 2 Holst. Ch., 600;
 
 Parsons
 
 v.
 
 Barnwrd,
 
 7 J. R., 144 ;
 
 Dudley
 
 v.
 
 Mayhew,
 
 3 Coms., 9 ;
 
 Tomlinson v
 
 .
 
 Battel,
 
 4 Abbott, 266.)
 

 These cases, however, do not decide that an action upon a contract cannot be maintained, because the validity of a patent may be involved therein. Hor are they inconsistent with such a position. We have been referred to no case in this State that is against the maintenance of this action.
 

 On the contrary,
 
 Burrall
 
 v.
 
 Jewett
 
 (2 Paige, 134), is substantially this case. The action was sustained and the case has never been overruled.
 
 Gibson
 
 v.
 
 Woodworth
 
 (supra;), based upon the act of Congress, is not assailed by the plaintiff as erroneous; nor does it in any manner conflict with
 
 Burral
 
 v.
 
 Jewett.
 
 The chancellor held in
 
 Gibson
 
 v.
 
 Wooduiorth
 
 that he had not jurisdiction to try the question as to which patent was valid, because the 16th section of the act of 1836 gave
 
 *447
 
 to the court of the United States the right to grant prescribed relief. But that section gives to the courts of the United States, no jurisdiction over the matters of this suit. Here are not “ two interfering patents,” nor has any patent “ been refused ” upon any ground in this case. They are the only cases referred to in that section.
 

 In
 
 Darst
 
 v.
 
 Brockway
 
 (11 Ohio, 462) the same relief was granted, without question as to jurisdiction, as prayed for in this case.
 

 It is not claimed that a State court has jurisdiction to try the validity of a patent, when set up as a defence, any more than when it comes in question by a plaintiff in pursuing his remedy upon a contract. Yet such defence has been admitted and sustained in the courts of this State without an exception, and almost without contest, it being regarded by the bar as the law of the land.
 
 (Cross v.
 
 Huntley, 13 Wend., 385;
 
 Head
 
 v.
 
 Stevens,
 
 19 id., 411.) In this case the defence prevailed.
 
 (Harman
 
 v.
 
 Bird,
 
 22 Wend., 113.)
 

 The counsel for the appellant argues that the last case was tried in October, 1836, but a few months after the passage of the act of Congress of that year upon this subject, and that neither counsel nor court had probably yet heard of it. But the last two were both argued some years thereafter, and the question might then have been raised, if it can be here. But in truth there is no legal difference in the provisions of 1819 and 1836 on this point. The same matter was tried in
 
 Hotchkiss
 
 v.
 
 Oliver
 
 (5 Denio, 314). This case was tried in 1844 ; no question made as to admitting the defence.
 
 (Dickerson
 
 v.
 
 Hall,
 
 14 Pick., 217.)
 

 We are referred to no case holding a contrary rule, although the following are cited for that purpose. In
 
 Elmer
 
 v.
 
 Pennel
 
 (40 Maine, 430), defendant offered to show that the patent was an infringement of an elder patent. Excluded, and the court upon review held it properly excluded, among other cases citing
 
 Dickerson
 
 v.
 
 Hall,
 
 and sustaining that case upon the ground that the patent “ was not useful for any beneficial
 
 *448
 
 purpose.” Appleton, J., dissented.
 
 Dickerson
 
 v.
 
 Hall
 
 sustained the ease at bar.
 

 In
 
 Ball
 
 v.
 
 Murry
 
 (10 Penn., 111), held, the defence of inavlidity of the patent inadmissible, because it was against the provisions of the contract, which provided for the decision of that question in the United States court.
 

 The counsel also insists that the validity of a patent ought to be tried exclusively in the United States courts, because the acts of Congress provide for a notice to be given of the defect complained of and the grounds of its invalidity, and by whom it has been used, etc. But upon reference to the statute, it appears that this provision applies only to “an action for damages for making, using or selling” the thing patented, and it has no sort of ’application to an action of this character, wherever brought. (5th U. S. Stats. Large, 123, §§ 14, 15.)
 

 The defendant’s counsel has failed to refer us to any case holding that jurisdiction of this action can be taken by courts of the United States. State courts have jurisdiction of all legal questions not forbidden by the Constitution and by the laws of the United States passed in pursuance of its authority. But the courts of the United States have cognizance of such matters only as are given by the Constitution and by acts of Congress passed under its authority. There is no section of the act of 1836, as to the patent laws, that seems to include an action of this character. There are some uncertain
 
 dicta
 
 in the following cases on the question, but they speak as much against as in favor of the jurisdiction of the federal courts:
 
 Brooks
 
 v.
 
 Stolley
 
 (3 McLean, 523);
 
 Burr
 
 v.
 
 Gregory
 
 (2 Paine, 426);
 
 Goodyear
 
 v.
 
 Day
 
 (1 Blatch., 565).
 

 Then, as to the merits of the action, there is no exception to the findings contained in the case or bill of exceptions; but in the judgment made up by the clerk there is inserted a general exception by defendant, at the end of the record, without stating whether it is to findings of fact or law. Such an exception has been repeatedly held insufficient to a charge of the court, if there were any sound position in it.
 
 *449
 
 If the same rule apply here, this is wholly defective, as there are several confessedly proper findings. It has been held to apply. (
 
 Wheeler
 
 v. Billings, 38 N. Y., 263, and cases there cited; Code, § 268.)
 

 There is no request by defendant for the court to find anything. There is an exception to the exclusion of evidence as to “ what led to the execution of the bond in question.” There was nothing before the court that would make such evidence material, and the counsel made no disclosure indicating its materiality. In such case the court committed no error in excluding the evidence. The findings are broad enough to authorize the judgment, and the decree must be affirmed with costs.
 

 All concur.
 

 Judgment affirmed.