# Henry Pratt and John J. Ryan, Partners as Henry Pratt & Co., v. Paris Gas Light & Coke Co.

1. PATENTS—*Jurisdiction of State Courts.*—In an action in a State court for the recovery of the price agreed to be paid for the use of a patent, the defendant may, for the purpose of showing a failure of consideration, prove that the patent is void because it is an infringement of a prior patent.

2. PATENTS—*Jurisdiction of State Courts.*—The Federal courts have exclusive jurisdiction of all actions to annul letters patent, and of actions between the owners of adversary patents to determine questions of priority and infringements.

**Memorandum.**—Assumpsit for goods sold, etc. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

JOHN T. RICHARDS, JOSEPH E. DYAS and DANIEL F. RAUM, attorneys for appellants.

APPELLEE'S BRIEF, H. VAN SELLAR AND F. W. DUNDAS, ATTORNEYS.

The law, we submit, is, that whenever a suit is brought on a contract in a State court and the question of the validity of a patent comes up collaterally or grows out of the contract, then the State court has jurisdiction to hear and determine the matter. Sigle v. Brooks, 25 Ill. App. 210; Nye v. Raymond, 16 Ill. 154; Sareburn v. Jackson, 60 Conn. 569; Middlebrook v. Boodburn, 47 N. Y. 446; Bebein v. McKinzie, 47 N. Y. 662; 3 Wait's Actions and Defenses, 766; Dickenson v. Hall, 14 Pick. 220; 18 Am. & Eng. Ency., 70, 71, 141; Page v. Dickenson, 28 Wis. 690; Rice v. Garnhart, 34 Wis. 453; Saxton v. Dodge, 57 Barb. 84; Slemmen's Appeal, 58 Penn. 155.

The fact that a patent can not be used without infringing on other patents is a good defense. Davis v. Gray, 17 Ohio,

330; Orr v. Bunwell, 17 Ala. 378; 17 Am. & Eng. Ency., 141.

If a patent is invalid, that is a good defense. Nye v. Raymond, 16 Ill. 153.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit by appellants against appellee to recover the price of a certain apparatus for the manufacture of water gas, furnished by the former to the latter under a contract in writing. The appellee pleaded the general issue and four special pleas. These latter were in effect that the consideration had failed, that the contract had been entered into upon false and fraudulent representations by the appellants, as to material facts, involving the right to use the patent for the manufacture of gas by the apparatus in question, and that the appellants had failed to indemnify the appellee against the claims of the real owner of the patent.

The court overruled a demurrer to the special pleas and thereupon replications were filed. The issues were found by a jury for the appellee, and after denying a motion for a new trial, the court entered judgment accordingly, from which appellants prayed the present appeal. The evidence tended to show:

1st. That while the parties were negotiating, the appellee distinctly informed appellants that it would not buy the apparatus if there was any question as to the right to use the patent, and that if there was any claim of that sort, whether valid or not, it would have nothing to do with the matter; and that the appellants then represented that while there had been a claim that the patent was an infringement upon what was known as the Springer patent, that claim had been abandoned and there was then no such claim made by the holders of the Springer patent, and that upon the faith of this representation the appellee signed the contract.

2d. That this representation was false and so known to appellants, and that shortly after the contract was signed,

and while the apparatus was being put in place, the appellee was notified by the National Gas Light and Coke Company, that the use of the apparatus would infringe upon the Springer patent, and that a suit would be brought against appellee if it should use the same; that appellee then notified the appellants of the fact, and of its unwillingness to proceed further in the matter, and that appellants, to induce the appellee to proceed, promised to give the appellee a bond of indemnity against any loss in the premises, whereupon the appellee consented to proceed, but that the bond was never given.

3d. That a suit was brought against the appellee by the National Gas Light and Coke Company in the U. S. Circuit Court for the Southern District of Illinois for an infringement of said Springer patent, which suit, though brought nearly four years previously, and which appellants, by the terms of the contract, were bound to defend, was still pending and undetermined.

4th. That the use of the apparatus was an infringement on the Springer patent, and that the appellee was liable for damages on that account for the time during which it had used the apparatus, a period of a year or more, and it appearing that appellants were not defending said suit as by the true meaning of the contract they were bound to do and that they would not execute the bond of indemnity as agreed, appellee quit using the apparatus and notified appellants that it would not pay for the apparatus and that the same was subject to their order.

We are inclined to hold that the jury were warranted by the proof in finding that the contract was entered into upon the faith of the representation that the right to use the patent was not disputed and that this representation was known by appellants to be untrue when it was made; and further that appellee was justified in its refusal to proceed under the contract on being apprised of these facts.

Hence the agreement then made by the appellants to give an indemnity in the form of a bond (in addition to the covenant in the contract to defend any suit brought for

infringement) was upon a valid consideration, and the failure to comply with this agreement was good reason for refusing to use the apparatus or to pay for it.

We are also inclined to hold that the pendency of the suit in the Federal court for so long a period, unexplained, sufficiently supports the allegation of the plea that the appellants had failed to defend the suit as by their contract they had agreed to do.

The more difficult question arises from the apparent fact that the verdict of the jury may not have been based upon a finding of these matters favorably to the appellee, but upon a finding that the use of this apparatus was an infringement of the patents controlled by the National Gas Light & Coke Company.

If the appellants had no right to sell to appellee the privilege of using this apparatus because it was such infringement, then it is clear there was a total failure of consideration, and upon this ground the appellee was entitled to the verdict.

The apparatus was wholly worthless to appellee if it could not be safely used, and the presumption is that what benefit was derived from its use up to the time it was abandoned would be fully met by the liability to account for damages in the shape of royalty to the holders of the patent infringed upon, irrespective of the loss necessarily arising from having to make a change in its method of manufacturing gas.    Rice v. Garnhart, 34 Wis. 453; Bliss v. Negus, 8 Mass. 46.

The appellants insist, however, that the issue thus presented was not within the jurisdiction of the court to try, and that it could be determined only in the courts of the United States.

If this position is well taken the judgment must be reversed, and so the question of vital importance is:

In an action in a State court for the recovery of the price agreed to be paid for the use of a patent may the defendant, for the purpose of showing a failure of consideration, prove that the patent is void because it is an infringement of a prior patent?

That the Federal courts have exclusive jurisdiction of all actions to annul letters patent and of actions between the

owners of adversary patents to determine questions of priority and infringement is not a matter of doubt. As to this there is no conflict of judicial opinion.

The present is not such a proceeding. It is merely an action on a money demand to which there is interposed the defense of a want or failure of consideration, and in support of this defense the validity of the patent is involved. The point arises collaterally.

The weight of authority as we find it, is that the State court has jurisdiction in such case. Page v. Dickerson, 28 Wis. 694; Rice v. Garnhart, *supra;* Middlebrook v. Broadbent, 47 N. Y. 443; Saxton v. Dodge, 57 Barb. 84; Slemmer's Appeal, 58 Penn. 155; Nye v. Raymond, 16 Ill. 154.

Other cases to the same effect are cited in these; opposed will be found Elmer v. Pennel, 40 Me. 480; and perhaps others.

As to the ruling of the court upon instructions we think the complaint of appellants not well founded.

Although the court refused the instructions set forth in the abstract, yet we find that it gave nineteen others at the instance of appellants, not abstracted, in which the law was stated with sufficient clearness and accuracy.

The objections to those given at the request of appellee are unsound if the general views we have above expressed are correct. It seems not necessary to discuss these objections in detail. The judgment will be affirmed.