### JOURNAL PUB. CO. v. DRAKE et al.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1912.)

No. 2,042.

1. COPYRIGHTS (§ 70*)—INFRINGEMENT—ACTION FOR PENALTY—DIRECTION OF VERDICT.

　　Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), provides that if any person, after the copyrighting of a photograph, without consent of the proprietor of the copyright shall copy, print, or publish the same in whole or in part, or, knowing the same to be printed or published, shall sell or expose for sale any copy thereof, he shall forfeit $1 for every sheet of the same found in his possession or exposed for sale, one half to go to the proprietor of the copyright and the other half to the United States. Held, that where defendant printed 2 copyrighted photographs belonging to plaintiffs without their consent, and 400 sheets of the journal in which they were printed were found in defendant's possession, the court properly directed a verdict for plaintiffs for the penalty prescribed.

　　[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 65–84; Dec. Dig. § 70.*]

2. COPYRIGHTS (§ 70*)—NATURE AND FORM—PENALTIES.

　　An action to recover penalties for violating Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), relating to the infringement of copyrights, is a civil action founded on an implied contract, which every person enters into with the state to observe the laws.

　　[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 65–84; Dec. Dig. § 70.*]

3. TRIAL (§ 170*)—QUESTIONS FOR COURT AND JURY—DIRECTION OF VERDICT.

　　. Where plaintiff has clearly made out his case, and there is no evidence to the contrary, it is proper for the court to direct a verdict in his favor.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 390–395; Dec. Dig. § 170.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. APPEAL AND ERROR (§ 907*)—INCOMPLETE RECORD—PRESUMPTIONS.**

In the absence of a complete record of the evidence, there being no objection to a statement by the court as to what the evidence was with respect to a fact, it will be presumed on appeal that the statement was correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

**5. COPYRIGHTS (§ 52*)—INFRINGEMENT—INTENT.**

Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), provides that in case any person publishes a copyrighted photograph, without consent of the owner of the copyright and with intent to evade the law, he shall forfeit certain prescribed penalties. *Held*, that the penalty was for the act of copying, printing, and publishing a copyrighted article, or for selling or exposing for sale such a copy, and, the printing or selling being proved, an unlawful intent would be presumed.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 50; Dec. Dig. § 52.*]

**6. COPYRIGHTS (§ 70*)—INFRINGEMENT—SHEETS.**

Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), prohibiting the infringement of a copyright, declares that the infringer shall forfeit $1 for every sheet of the same found in his possession, either printed, copied, published, or exposed for sale. *Held*, that the penalty imposed is for every sheet on which an infringement is printed; and hence, where 400 sheets, each containing 2 separate and distinct infringements, were found in defendant's possession, there were 800 infringements printed, and the court properly rendered judgment for $800.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 65–84; Dec. Dig. § 70.*]

In Error to the District Court of the United States for the District of Oregon.

Action by J. D. Drake and E. R. Drake, doing business under the name and style of Drake Bros., against the Journal Publishing Company, to recover the penalty provided by law for the infringement of a copyright. Judgment for plaintiffs, and defendant brings error. Affirmed.

In 1903 the plaintiffs were photographers in the city of Silverton, Marion county, Or., under the firm name and style of Drake Bros. In July, 1903, plaintiffs became the sole owners and proprietors of two certain photographic productions, entitled and known as "Lower South Silver Creek Falls," and "South Silver Creek Falls." In September, 1903, plaintiffs secured copyrights from the Librarian of Congress for these two photographs, and thereafter gave notice of such copyrights by printing on each print of said photographs and upon some visible portion of each of said photographs the following notice: "Copyright, 1903, Drake Brothers." Prior to September 8, 1907, the plaintiffs had given permission to one Phillip S. Bates, a publisher in the city of Portland, Or., to use said photographs in an illustrated edition of the "Pacific Northwest," a newspaper of general circulation published by the said Phillip S. Bates at Portland, Or., for the purpose of exploiting the resources of Oregon. Thereafter an agent of the defendant, in search of material for a proposed illustrated edition of the Oregon Daily Journal, a paper published by the defendant in Portland, Or., called at the office of said Phillip S. Bates and secured copies of the photographs in question. These photographs were taken by the agent of the defendant to the office of the Oregon Daily Journal, and by a mechanical process defendant made reduced copies of the same in size, and used said copies by printing and publishing the same in defendant's paper, the Oregon Daily Journal, on September 8, 1907.

It is recited in the record that J. D. Drake, one of the partners in plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiffs' business, testified that since the complaint was filed he had succeeded to the partnership as the owner of said copyrights, and that prior to the filing of the complaint he did not give the defendant, its officers, agents, or servants, leave or permission to use said copyrighted photographs.

In March, 1908, plaintiffs visited the office of the Oregon Daily Journal and purchased 400 copies of the issue of the defendant's paper of September 8, 1907, which contained copies of plaintiffs' copyrighted photographs. Thereafter plaintiffs brought this suit in the United States District Court for the District of Oregon to recover the penalty of $1 each, provided by the statute.

Upon the trial of the case, the facts having been proved as stated, the court instructed the jury to return a verdict for the plaintiffs. It is recited in the record that the court, in granting plaintiffs' motion, stated that the photographs were reproduced and used by the defendant without the knowledge or consent of plaintiffs. In accordance with the court's instructions, the jury returned a verdict for the plaintiffs for the sum of $800 and costs. Thereafter judgment was entered upon the verdict in favor of the plaintiffs for the sum of $400, and for the use and benefit of the United States $400, together with costs and disbursements in the action. The defendant brings the case here by writ of error.

John F. Logan and John H. Stevenson, both of Portland, Or., for plaintiff in error.

Seitz & Seitz and Conley & De Neffe, all of Portland, Or., for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] The only question in this case is whether the court was in error when it instructed the jury to return a verdict for the plaintiffs. The action is based upon section 4965 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3414), which, so far as this case is concerned, provides:

"If any person, after the recording of the title of any map * * * photograph * * * shall * * * contrary to the provisions of this act, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses * * * copy, print, publish * * * in whole or in part, or by varying the main design, with intent to evade the law, or, knowing the same to be so printed, published * * * shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit * * * one dollar for every sheet of the same found in his possession, either printing, printed, copied, published * * * or exposed for sale. * * * One-half of all the foregoing penalties shall go to the proprietors of the copyright and the other half to the use of the United States."

There is no substantial controversy about the facts in this case. The plaintiffs had secured copyrights for these photographs. They were owned by the plaintiffs, and were copied, printed, and published by the defendant, and the evidence was that such copying, printing, and publishing by the defendant was without the consent of the plaintiffs. This evidence was uncontradicted, and 400 sheets of the Oregon Daily Journal were found in the possession of the defendant, in which these two photographs were copied, printed, and published. It was the duty of the court to instruct the jury that these undisputed facts constituted a violation of the statute and that their verdict should be for the plaintiffs.

[2, 3] The action is a civil action for penalties. "Actions for penalties are civil actions, both in form and in substance, according to Blackstone. 3 Com. 158. The action is founded upon that implied contract which every person enters into with the state to observe its laws." Stearns v. United States, 2 Paine, 300, Fed. Cas. No. 13,-341; 30 Cyc. 1344. Where plaintiff has clearly made out his case, and there is no evidence to the contrary, it is proper for the court to direct a verdict in favor of the plaintiff. 38 Cyc. 1574.

[4] It is objected that the evidence of one of the members of the plaintiffs' partnership that consent had not been given by him to the defendant to use the copyrighted photographs was not sufficient; that there was nothing to show that written consent had not been given by the other partner. In granting plaintiffs' motion to instruct the jury to find for the plaintiffs, the court stated that the photographs were reproduced and used by the defendant "without the knowledge or consent of plaintiffs." Passing the question whether the written consent of plaintiffs was not a fact to be established by the defendant, it does not appear that all the evidence introduced upon the trial is in the record. In the absence of such a complete record of the evidence, and the fact that there was no objection made to the statement made by the court as to what the evidence was with respect to that fact, it will be presumed that the statement made by the court was correct, and that the evidence was uncontradicted that the copying, printing, and publishing of these two photographs by the defendant was without the consent of the plaintiffs.

[5] It is further objected that there was no evidence of any intent on the part of the defendant to evade the law. The penalty provided by the statute is for the act of copying, printing, and publishing a copyrighted article, or for selling or exposing for sale such a copy, and the forfeiture or penalty is fixed for every sheet of such copy found in the possession of the person who has committed any one of the acts prohibited. The general rule in such a case is that, where the defendant has been shown to have committed an unlawful act, an unlawful intent is presumed. "If a man intentionally adopts certain conduct in certain circumstances known to him, and that conduct is forbidden by the law under those circumstances, he intentionally breaks the law in the only sense in which the law ever considers intent." Ellis v. United States, 206 U. S. 246, 257, 27 Sup. Ct. 600, 602 (51 L. Ed. 1047, 11 Ann. Cas. 589). But there is a prohibition in this statute against the copying, printing, and publishing of a copyrighted article "by varying the main design with intent to evade the law." That is not this case, and it is obvious that the intent to evade the law is only required to appear or be inferred where the copyrighted article has not been reproduced in the substantial form and character of the original, but where in the reproduction there has been a varying of the main design. In such a case it should appear as a fact, or be inferable from facts proven, that the reproduction was with an intent to evade the law, and this would be a question of fact for the jury. There is no such question in this case.

[6] It is further objected that the verdict and judgment is in ex-

cess of that provided by the statute; that the penalty of $1 is for every sheet of the infringed copyright found, without regard to the number of infringements printed on each sheet. We do not so understand the law. The penalty imposed is for every sheet upon which an infringement is printed. In this case, as there were two separate and distinct infringements printed upon 400 sheets, there were 800 infringements printed in all.

The judgment of the District Court is affirmed.