SHAPIRO, BERNSTEIN & CO., Inc., et al.
v. VELTIN.

No. 424.

District Court, W. D. Louisiana,
Opelousas Division.

Nov. 13, 1942.

---

[1] No opinion for publication.

J. Studebaker Lucas, of New Orleans, La., for plaintiffs.

Francis R. Edwards, of Opelousas, La., for defendant.

PORTERIE, District Judge.

This is a joint complaint of the two plaintiffs, publishers of sheet music, who sue the one defendant for infringement of copyright, joined to an action for damages, and for injunction. It is alleged that the defendant, without the knowledge, consent, or authority of either complainant, and in infringement of two copyrights, gave a public performance for profit of two copyrighted musical compositions, one for each of the complainants, in his place of amusement known as the Cedar Lane Club, on Saturday, June 18, 1941, between the hours of 12 midnight and 2:55 a. m. There is no issue between the litigants except in the one main defense made by the defendant, proprietor of the Cedar Lane Club, as represented by the following two short contracts with the two orchestra leaders who respectively played the two copyrighted musical selections, to-wit:

"It is the request of Mr. A. E. Veltin, owner of the Cedar Lane Club, that I refrain from playing any ASCAP music while working here at this club, of which I agree to do. Signed: Tilden Lawrence, Orchestra Leader." "Opelousas, La. Jan. 9th, 1941."

"It is the request of Mr. A. E. Veltin, owner of the Cedar Lane Club, that I refrain from playing any ASCAP music while working here at this club, of which I agree to do. Signed: Jack Jell, Orchestra Leader." "Opelousas, La. Jan. 23rd, 1941."

It is of record that there was an agreement for the years 1938 and 1939, for a money consideration, between the defendant and the American Society of Composers, Authors and Publishers, exclusive owners of the right of performance for profit of the two musical compositions; but there was no contract for subsequent years. Furthermore, it was testified by the defendant and otherwise proved by the clear preponderance of the evidence, that, in addition to the two contracts as above signed, the owner of the Cedar Lane Club posted prominently and legibly about his dancing hall placards stating that he objected to any ASCAP music being played.

This defense is unavailing.

"The rule of the common law applies, to wit, that the master is civilly liable in damages for the wrongful act of his servant in the transaction of the business which he was employed to do, although the particular act may have been done without express authority from the master, or even against his orders. McDonald v. Hearst, D.C., 95 F. [656], 657; M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470."

"Assuming that the defendant did not intend to infringe, the lack of intention does not affect the fact of liability. The result, and not the intention, determines the question of infringement. Lawrence v. Dana, Fed.Cas.No.8,136; Journal Pub. Co. v. Drake [9 Cir.], 199 F. 572; Reed v. Holliday, C.C., 19 F. 325; Harper v. Shoppell, C.C., 26 F. 519; Fishel v. Lueckel, C.C., 53 F. 499; Stern v. Jerome H. Remick & Co., C.C., 175 F. 282."

These two quotations are from the case of M. Witmark & Sons v. Calloway, D.C., 22 F.2d 412, 414.

In general support of our decision, see Buck v. Jewell-La Salle Realty Co., 283 U. S. 191, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L. R. 1266.

The defendant also urged that the present status of ASCAP, of which the two complainants are members, is such that the two complainants have no right to be in court. We have been favored by the civil consent decree and judgment in the case of United States of America v. American Society of Composers, Authors and Publishers, Civil Action No. 13-95, entered March 4, 1941, U. S. District Court for the Southern District of New York, with supporting

certificates of registration, etc.; and we can find nothing in this decree which would not permit the complainants to remain in court in this action.

Accordingly, we must assess judgment against the defendant under the Copyright Act of March 4, 1909, c. 320, §§ 1, 64, 35 Stat. 1075, 1088, 17 U.S.C.A. § 1, in the sum of $250, the minimum, in the case of each one of the two infringements.

■ The act also provides that "The court may award to the prevailing party a reasonable attorney's fee as part of the costs." 17 U.S.C.A. § 40. In view of the sincere and strong equitable position of the defendant, in the wide exercise of our discretion, and since ASCAP very likely maintains its attorneys on a yearly salary basis, we shall accord no attorney's fees.

The costs of court are to be assessed against the defendant; and, also, the defendant, and all persons acting under the direction, control, permission or license of the defendant, are enjoined and restrained from publicly performing each and every one of the compositions, and from causing or permitting the compositions to be performed publicly in the defendant's premises, or in any place owned, controlled or conducted by the defendant, and from aiding or abetting the public performance of such composition in any such place or otherwise.

Judgment will be signed accordingly, upon presentation.